766 So.2d 38 (2000)
Rita LYONS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00713-COA.
Court of Appeals of Mississippi.
June 20, 2000.
*39 Patsy Ann Bush, Hazlehurst, Attorney for Appellant.
Office of the Attorney General by Dewitt T. Allred III, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., IRVING, AND PAYNE, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Rita Lyons was convicted of sale of cocaine by a Copiah County Circuit Court jury. On appeal she asserts that was entrapped and further that the verdict was against the weight of the evidence. We find the assignments of error to be without merit and affirm the conviction.

FACTS
¶ 2. Shenedian Mitchell was working as a confidential informant for the Metro Narcotics Unit of the Hazlehurst Police Department on February 13, 1998. Mitchell was wearing a body wire that allowed Officers Joey Errington, Donna Davis and John Whitaker to listen to her and record any conversations she might have. Mitchell was also given a car to use.
¶ 3. Mitchell and Rita Lyons were long-time friends that had apparently used drugs together previously. Mitchell told Lyons that she was having problems purchasing drugs because it was known that she was sometimes an informant. Lyons volunteered to purchase cocaine in exchange for some of the drugs. Mitchell secretly received approval from the officers before proceeding.
¶ 4. Mitchell gave Lyons $40 to purchase the drugs. Mitchell drove Lyons to a house and remained in the car while Lyons went inside. Shortly thereafter, Lyons returned and handed Mitchell a small amount of cocaine. Lyons was indicted for the sale of cocaine and was convicted.

*40 DISCUSSION
¶ 5. Lyons first attacks her conviction by asserting that she was entrapped by the State and was acting as a mere conduit. This is a defense that was not raised at trial, nor was a jury instruction on entrapment sought.
¶ 6. Entrapment is "the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him for the offense." Walls v. State, 672 So.2d 1227, 1230 (Miss.1996). This is an affirmative defense that must be proved by the defendant. If the evidence is that the defendant possesses the criminal intent, and the undercover law enforcement officer's request merely provided the defendant the opportunity to commit what she was predisposed to do, there is no entrapment. Morgan v. State, 703 So.2d 832, 835 (Miss.1997).
¶ 7. As entrapment is an affirmative defense, it must be raised at trial. Failure to raise this defense waives the right of the appellant to raise it here. Notwithstanding this waiver, we find that there was sufficient evidence here to justify the conviction. There was testimony that Lyons volunteered to provide the cocaine to Mitchell. The jury properly could find, had the issue been raised, that there was no inducement by the State.
¶ 8. As her second assignment of error, Lyons asserts that the trial court erred in not granting a directed verdict or at least a new trial. Our standard of review for the denial of directed verdict, peremptory instruction and judgment notwithstanding the verdict are identical. Coleman v. State, 697 So.2d 777, 787 (Miss. 1997). Each tests the sufficiency of the evidence as a matter of law, viewing the evidence in the light most favorable to the verdict. May v. State, 460 So.2d 778, 780-81 (Miss.1984). The different and lesser requirements for a new trial require that the court be convinced that the verdict of the jury is so contrary to the weight of the evidence that to allow it to stand would be furthering an unconscionable justice. Butler v. State, 544 So.2d 816, 819 (Miss.1989). In making these determinations on appeal we are to view the evidence in the light most favorable to the verdict. Mitchell v. State, 572 So.2d 865, 867 (Miss.1990).
¶ 9. Lyons's argument is that she was not engaged in the selling of cocaine but was a mere conduit for Mitchell. The statute under which Lyons was convicted does not make that distinction:
Except as authorized by this article, it is unlawful for any person knowingly or intentionally: (1) To sell, barter, transfer, manufacture, distribute, dispense, or possess with intent to sell, barter, transfer, manufacture, distribute, dispense, a controlled substance....
Miss.Code Ann. § 41-29-139(a)(1) (Supp. 1999).
¶ 10. Lyons took $40 from Mitchell and, in return, delivered two rocks of crack cocaine. This is sufficient evidence and a directed verdict would not have been justified. There was little contrary evidence, and certainly not evidence of such weight as to require a new trial.
¶ 11. THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED AGAINST COPIAH COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.