910 So.2d 598 (2005)
David Michael TURNER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-01781-COA.
Court of Appeals of Mississippi.
February 22, 2005.
*599 Jack R. Jones, Southaven, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. David Turner was indicted for third offense DUI for operating a motor vehicle while under the influence of intoxicating liquor and under the influence of any other substance which had impaired his ability to operate a motor vehicle in violation of Mississippi Code Annotated section 63-11-30(1) (Rev.2004). After a jury trial, Turner was convicted and sentenced to serve five years in the custody of the Mississippi Department of Corrections, to pay a $2,000 fine and court costs and to undergo drug and alcohol treatment. Turner appeals, arguing that the trial court erroneously denied his motion for a JNOV or a new trial and erroneously denied his proffered jury instruction on circumstantial evidence.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On the morning of August 26, 2002, Officer Robert Riggs with the Horn Lake Police Department responded to a dispatch advising him of a possible intoxicated driver traveling southbound on Hurt Road. While Officer Riggs was en route, a dispatch advised him that the vehicle had stopped on Hurt Road. Officer Riggs arrived at the scene at 6:26 a.m. He observed a white van in a drainage ditch located approximately ten to fifteen feet from the shoulder of the road. The van was leaning over on its side and had a flat tire. There were tire tracks approximately forty yards long leading from the roadway to the van. The road and ground contiguous to the road were flat, dry and smooth, and the ditch was the only obstacle in the area.
¶ 4. Officer Riggs approached and saw Turner in the driver's seat, but could not see whether or not the van's keys were in the ignition. He asked Turner to exit the van. Turner did so, and as he walked around the van he leaned on it for support. Turner stated repeatedly that he had a flat tire, that he was trying to get home, and that he had someone coming to pick up the van. Officer Riggs extracted the keys from Turner's pocket. Officer Riggs smelled alcohol on Turner's breath and noticed that his speech was slurred. Officer Riggs asked Turner how much he had had to drink. At first, Turner said he did not know. Upon further questioning, Turner stated that he drank the night before and that morning, but he did not know how much.
*600 ¶ 5. Officer Riggs called Officer Troy Rowell to the scene to administer a standardized field sobriety test. Officer Rowell asked Turner where he had been traveling from, and Turner said he was coming from a friend's house in Memphis when he had a flat tire. Officer Rowell read Turner his Miranda rights. Then, Turner consented to perform the field sobriety test.
¶ 6. Officer Rowell questioned Turner before administering the test. The following is taken from Officer Rowell's trial testimony:
I asked him how much he had had to drink that night, or how much he had had to drink, and he asked me since when. I asked him since the previous night, being that this happened about 6:45 in the morning, and he stated that he was unsure. I asked him to try to remember for me how much he had had to drink. At that time he stated that he had had six to seven beers.
Turner stated that it had been about two hours since his last drink. He opined that he was not too impaired to drive because he had driven there from Memphis. Officer Rowell noticed during the conversation that Turner had bloodshot eyes, was unsteady on his feet, and staggered as he walked around. He swayed from side to side, mumbled, and slurred words. Officer Rowell detected the smell of intoxicating liquor on Turner's breath.
¶ 7. Officer Rowell administered the standardized field sobriety test. Turner exhibited six indicia of intoxication during the performance stage of the walk and turn test and was unable to perform the one leg stand test. Officer Rowell asked Turner if he had taken any medication that night. Turner said that he had taken three Xanax pills within the last twenty-four hours. It was Officer Rowell's opinion that Turner was too intoxicated to drive.
¶ 8. Officer Riggs took Turner into custody. During booking at the police station, Turner was sitting on a bench, with one arm handcuffed to the bench, when he passed out and fell from the bench onto the floor. Officer Riggs was unable to rouse Turner for several minutes. Turner consented to take the Intoxilizer 5000 test, which registered his blood alcohol content at .028.
¶ 9. Officer Rowell testified that a blood alcohol content of .028 was below the legal limit of .08. He also testified that blood alcohol content dissipates over time, and that the Intoxilizer test was administered to Turner approximately two and a half hours after Turner was stopped by Officer Riggs. Officer Rowell also testified that the Intoxilizer detects alcohol only, not drugs. He testified that, based his training and experience, Xanax can impair a person's ability to operate a motor vehicle. The court admitted evidence of Turner's two prior DUI convictions, one on June 26, 2002 and one on May 28, 2002.

LAW AND ANALYSIS
I. THAT THE COURT IMPROPERLY OVERRULED THE MOTIONS FOR DIRECTED VERDICT, PEREMPTORY INSTRUCTION AND JNOV, OR ALTERNATIVELY, NEW TRIAL IN THAT THE VERDICT OF THE JURY IS NOT SUPPORTED LEGALLY AND FACTUALLY BY THE EVIDENCE PRESENTED AT TRIAL.
¶ 10. Turner argues that he was entitled to a directed verdict, a peremptory instruction, or a JNOV, or that he was entitled to a new trial because the verdict was against the overwhelming weight of the evidence. Motions for a directed verdict *601 or a JNOV or a request for a peremptory instruction attack the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). Each of these challenges requires this Court to consider the propriety of the trial court's ruling based upon the evidence before the court when made and, therefore, we "properly review[ ] the ruling on the last occasion the challenge was made in the trial court." Id. Turner's last challenge to the sufficiency of the evidence was his motion for a JNOV.
¶ 11. Regarding the legal sufficiency of the evidence, this Court must view all the evidence in the light most favorable to the verdict. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). We take all the credible evidence consistent with the verdict as true, and give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence. Id. "We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." Id.
¶ 12. Mississippi Code Annotated section 63-11-30(1) (Rev.2004) provides that "[i]t is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor; (b) is under the influence of any other substance which has impaired such person's ability to operate a motor vehicle; (c) has an alcohol concentration of eight one-hundredths percent (.08%) or more for persons who are above the legal age to purchase alcoholic beverages under state law. . . ." The jury found that Turner had violated § 63-11-30(1)(a) and (b).
¶ 13. Turner argues that there was insufficient evidence concerning two elements under the statute. He argues that there insufficient evidence that he operated a vehicle, and insufficient evidence that he was impaired while doing so. Turner avers that there was insufficient evidence showing he operated the van because no officer saw him driving the van, Officer Riggs did not see the van's keys in the ignition, the van was off the road, and the van was not running.
To be guilty of driving or operating a motor vehicle while under the influence of drugs or alcohol, or with an illegally high blood-alcohol content, the person must be shown by direct proof or reasonable inferences to have driven the vehicle while in that condition, or ... to be "operating" the vehicle while sitting behind the wheel, in control with the motor running.
Lewis v. State, 831 So.2d 553, 558(¶ 18) (Miss.Ct.App.2002). When there is other sufficient evidence of impaired operation, no eyewitness testimony of impaired operation is needed to sustain a conviction. Holloway v. State, 860 So.2d 1244, 1246-47(¶ 12) (Miss.Ct.App.2003). In this case, there was sufficient credible evidence from which it could be reasonably inferred that Turner had been operating the vehicle prior to being stopped by Officer Riggs. The police dispatch informed Riggs of a white van driving erratically and, later, that the van had stopped. There were tire marks leading from the road to the van. Officer Riggs discovered Turner in the driver's seat of the white van. Turner told Officer Rowell he had driven to that location from Memphis. Turner stated that the van had a flat tire. There was no evidence that anyone else had been driving the van.
¶ 14. Turner argues that there was insufficient evidence that he was impaired while operating the van because the Intoxilizer revealed his blood alcohol content to be below the legal limit, because he was cooperative with the police, because a flat tire is a legitimate reason to be off the *602 road, and because he was sufficiently lucid to call a wrecker service to retrieve the van. He avers that his poor performance of the field sobriety tests was reasonably attributable to his being awake all night, and maintains that he was merely asleep, not passed out, when he fell off the bench at the police station.
¶ 15. In securing Turner's conviction for violation of § 63-11-30(1)(a) and (b), the State did not have to prove that Turner's blood alcohol content was .08 percent or more when he operated the vehicle. Such proof is required for guilt only under section (c) of the statute. To prove Turner's guilt under sections (a) and (b), the state had to prove only that Turner was under the influence of intoxicating liquor and under the influence of "any other substance which has impaired such person's ability to operate a motor vehicle." Id. We find that there was sufficient credible evidence that Turner was under the influence of alcohol and of any other substance while driving the van. Miss.Code Ann. § 63-11-30(1)(a) and (b) (Rev.2004). Turner admitted to Officer Rowell that he had consumed six to seven beers and had most recently consumed alcohol two hours before being stopped. He also admitted to consuming three Xanax pills within the previous twenty-four hours. Officer Rowell testified that Xanax can impair someone's ability to operate a motor vehicle. Officer Rowell observed that Turner had bloodshot eyes, was unsteady on his feet, slurred his speech, and that the smell of alcohol emanated from Turner's breath. During the field sobriety test, Turner exhibited six indicia of intoxication and was unable to perform the one leg stand test. From this evidence, one could reasonably infer that, when Turner was driving the van, he was under the influence of alcohol and of Xanax which impaired his ability to operate the van. See Harris v. State, 830 So.2d 681, 683(¶ 3) (Miss.Ct.App.2002). This issue is without merit.
¶ 16. Turner argues that he is entitled to a new trial because the verdict was against the overwhelming weight of the evidence. A motion for a new trial attacks the weight of the evidence and is addressed to the trial court's sound discretion. Wetz v. State, 503 So.2d 803, 812 (Miss.1987). "The trial judge should not order a new trial unless [the judge] is convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice." Id. We will only reverse the trial court's denial of a motion for a new trial if we determine that the trial court abused its discretion. Id. In reviewing the decision of the trial court, we accept as true all of the evidence favoring the State. Id. It is the exclusive province of the jury to weigh the credibility of the evidence and resolve any conflicts therein. Groseclose v. State, 440 So.2d 297, 300-01 (Miss.1983). Considering the evidence of Turner's guilt under § 63-11-30(1)(a) and (b), adduced above in our review of the sufficiency of the evidence, the jury's returning a verdict of guilty was a reasonable conclusion. The verdict was not against the overwhelming weight of the evidence and the trial court was within its discretion in denying Turner's motion for a new trial.
II. THAT THE TRIAL COURT ERRED IN FAILING TO GRANT THE CIRCUMSTANTIAL EVIDENCE INSTRUCTION, D-2.
¶ 17. Turner avers that he was entitled to a circumstantial evidence instruction. A circumstantial evidence instruction is required only when the State's case is entirely circumstantial, and the instruction is not required when there is both direct and circumstantial evidence of the defendant's guilt. Gilleylen v. State, 255 So.2d 661, *603 663 (Miss.1971). Direct evidence has been held to include evidence such as eyewitness testimony, the defendant's confession to the offense charged, or the defendant's admission as to an important element thereof. Lynch v. State, 877 So.2d 1254, 1265(¶ 23) (Miss.2004).
¶ 18. Turner requested a circumstantial evidence instruction. The State objected to the instruction, arguing that Turner's admission to consuming six to seven beers and three Xanax tablets was direct evidence obviating the need for a circumstantial evidence instruction. Turner's attorney agreed. Then, the trial court ruled that Turner's admissions were direct evidence of his guilt and denied the instruction. On appeal, Turner argues that the court's denial of the instruction was error because the case against him was entirely circumstantial.
¶ 19. By agreeing with the State that he was not entitled to a circumstantial evidence instruction, Turner effectively withdrew his request for the instruction and thus waived his right to attack the denial of the instruction on appeal. O'Flynn v. Owens Corning Fiberglas, 759 So.2d 526, 536(¶ 32) (Miss.Ct.App.2000). Notwithstanding the fact that this issue is barred from our review, no circumstantial evidence instruction was required in this case. Turner's admissions to drinking six to seven beers that night, consuming three Xanax pills within the last twenty-four hours, and driving from Memphis constituted admissions on the elements of impaired operation of a motor vehicle as defined by § 63-11-30(1)(a) and (b), and were direct evidence of his guilt. Lewis, 831 So.2d at 558(¶ 23). Therefore, the evidence against Turner was not purely circumstantial and Turner was not entitled to a circumstantial evidence instruction.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $2,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.