KING, C.J.,
for the Court.
¶ 1. On February 25, 2005, Terry Walker was convicted by a Lowndes County Circuit Court jury of sale of a controlled substance and sentenced to a term of seven years in the Mississippi Department of Corrections. Walker raises the following issues on appeal.
I. WHETHER THE TRIAL COURT ERRED IN DENYING WALKER’S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, OR IN THE ALTERNATIVE, A NEW TRIAL.
II. WHETHER THE TRIAL COURT ERRED IN REFUSING INSTRUCTION D-7 ON LESSER INCLUDED OFFENSE.
Finding no error, we affirm.
FACTS
¶2. Sherry Parker had worked as a confidential informant for Deputy Steve *294 Hatcher of the Lowndes County Sheriffs Department for approximately five years. Parker was paid $100 for her participation in each undercover narcotics purchase leading to an arrest. On January 27, 2002, Parker called Hatcher and informed him that she could purchase cocaine from an individual named Terry Walker. At the pre-buy meeting, Hatcher gave Parker $100 to purchase the cocaine and set up a surveillance camera in her automobile.
¶3. When Parker arrived at the warehouse where Walker worked, Walker met her outside, took the $100, and told her that it would take twenty minutes for him to purchase the cocaine from a third party. Walker and Parker met back at the warehouse at the designated time. Walker asked Parker to come inside and smoke some of the cocaine with him. Parker refused, but told Walker to keep a small amount of the cocaine for himself. The transaction was successfully captured on the surveillance tape, and Walker was subsequently arrested for sale of a controlled substance.
¶ 4. Walker’s defense at trial was entrapment. He testified that Parker had called him several times on the day of the controlled buy, asking him to obtain cocaine for her. Walker testified that he initially refused, but Parker continued calling him sounding very upset about her mother being sick, so Walker submitted to her request. He further testified that he did not deal drugs; he was merely the middleman in the transaction.
ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN DENYING WALKER’S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, OR IN THE ALTERNATIVE, A NEW TRIAL.
¶ 5. A request for JNOV attacks the legal sufficiency of the evidence, while a request for a new trial attacks the weight of the evidence. Turner v. State, 910 So.2d 598, 601-02 (¶¶ 10,16) (Miss.Ct.App.2005). In reviewing the legal sufficiency of the evidence, this Court examines all of the evidence in the light most favorable to the verdict to determine whether each element of the charged offense was proven beyond a reasonable doubt. Holloway v. State, 914 So.2d 817, 819(¶ 5) (Miss.Ct.App.2005). The State must be given the benefit of all reasonable inferences that may be drawn from the evidence. Id. A challenge to the weight of the evidence results in reversal of a conviction only if allowing the conviction to stand would sanction an unconscionable injustice. Johnson v. State, 926 So.2d 246, 251(¶ 18) (Miss.Ct.App.2005).
¶ 6. To support his legal sufficiency and weight of the evidence challenges, Walker argues on appeal that any rational juror should have believed his testimony over that of Parker’s. He points to the fact that his only encounter with the law was a misdemeanor DUI offense in 1990, whereas Parker had previously received sixty-four separate false pretense convictions and had been arrested for prescription forgery, possession of cocaine, and sale of cocaine. However, it is the province of the jury to determine the credibility of a witness and the weight to be afforded to the testimony of that witness. Durdin v. State, 924 So.2d 562, 565(¶ 12) (Miss.Ct.App.2005). Furthermore, even without Parker’s testimony, the jury viewed the surveillance tape which captured the transaction.
¶ 7. As to Walker’s contention that he was merely the middleman, this Court has previously rejected such an argument. In Lyons v. State, 766 So.2d 38(¶ 3) (Miss.Ct.App.2000), Lyons offered to purchase *295 drugs for a friend/confidential informant in exchange for some of the drugs. Lyons was convicted for sale of a controlled substance, and on appeal she argued that she was merely a conduit. Id. at 40(¶ 9). We held that the evidence of Lyons taking the money from the confidential informant and delivering two rocks of crack cocaine to the confidential informant was legally sufficient to support a charge of sale of a controlled substance. Id. at (¶ 10).
¶ 8. Walker also submits that the jury misunderstood, or was confused by, his entrapment defense. We disagree. The jury was given an instruction offered by defense counsel which clearly and accurately defined entrapment as,
the act of inducing or leading a person to commit a crime not originally contemplated by him for the purpose of trapping him for the offense. In other words, where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement or them agents to commit a crime, that person is a victim of entrapment and the law forbids that person’s conviction in the case.
Clearly, the jury rejected this argument. This issue is without merit.
II. WHETHER THE TRIAL COURT ERRED IN REFUSING INSTRUCTION D-7.
¶ 9. Refused instruction D-7 was a lesser-included offense instruction, which advised that if the State failed to prove one or more elements of sale of a controlled substance, the jury may find Walker guilty of possession of cocaine.
¶ 10. Lesser-included offense instructions are properly refused where the defendant admits on the stand that he has committed the greater offense. Johnston v. State, 730 So.2d 534, 537(¶ 15) (Miss.1997). Although Walker denied being a “drug dealer,” he admitted to taking $100 from Parker, obtaining crack cocaine from a third party, delivering the crack cocaine to Parker, and keeping some of the crack cocaine as compensation. Accordingly, the trial court properly refused the lesser included offense instruction.
¶11. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF A CONTROLLED SUBSTANCE AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FIVE YEARS POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.