964 So.2d 1196 (2007)
Felix WYNN a/k/a Creep a/k/a Cadillac, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KP-00776-COA.
Court of Appeals of Mississippi.
September 4, 2007.
*1198 Felix Wynn, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., ISHEE and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. On April 25, 2006, Felix Wynn was convicted as an habitual offender by an Oktibbeha County Circuit Court jury on two counts of sale of cocaine. Wynn appeals his conviction and sentence pro se and asks this Court to consider whether he was denied the effective assistance of counsel; whether the circuit court erred in "overlooking" the defense of entrapment; whether the circuit court erred in denying his motion for judgment notwithstanding the verdict or new trial; whether the indictment charging him was defective; and whether he was denied his right to appeal. Finding no error, we affirm his sentence and conviction.

FACTS
¶ 2. Wynn was arrested and convicted as a result of two separate sales of crack cocaine to Charles Lamar Clinton, a confidential informant, who was working with the Starkville Police Department. On November 6, 2000, a pre-buy meeting was held between Clinton and Lieutenant Gerald Davis, an employee of the Starkville Police Department in charge of narcotics. At this meeting, the details of the proposed transaction were discussed and Wynn was determined to be the target. Lieutenant Davis searched Clinton's person and vehicle, wired Clinton for sound and video, and gave him one hundred dollars to be used for the purchase.
¶ 3. Clinton left the meeting at about 4:00 p.m. and proceeded to Wynn's home. Upon his arrival, Clinton went inside the home with Wynn and told him that he wanted to buy one hundred dollars worth of cocaine. Clinton testified that Wynn then reached inside his cabinet and took out a plastic baggy, opened it up, and handed him one hundred dollars worth of cocaine wrapped in a paper napkin. Clinton handed Wynn one hundred dollars and left the house to meet Lieutenant Davis at a pre-arranged location, where Clinton turned the cocaine over to Lieutenant Davis, who placed the drugs in an evidence bag. Lieutenant Davis then reviewed the video and noticed that the audio was lost and the video "was shooting a little low." The video recorded the transaction; however, it did not capture the face of the seller. The video did clearly depict the seller's mid-section as well as the clothing worn by the individual. Clinton identified Wynn as the seller. Nevertheless, Lieutenant Davis, unsatisfied with the quality of the video from the transaction, decided to make a second purchase from Wynn.
¶ 4. Lieutenant Davis gave Clinton another one hundred dollars and Clinton returned to Wynn's house for a second purchase around 5:00 p.m. Clinton again gave Wynn one hundred dollars in exchange for *1199 cocaine and then returned to the meeting place where he again turned the drugs over to Officer Davis. Officer Davis and Clinton reviewed the video of the second transaction. In viewing this video, they were able to clearly observe the clothing of the seller as well as his face. Both men identified Wynn as the seller.
¶ 5. Brandi Goodman, a forensic scientist employed with the Mississippi Crime Laboratory, later confirmed that the substance obtained in the first purchase contained cocaine with a total weight of 0.76 grams. Likewise, Jamie Johnson, another forensic scientist employed by the Mississippi Crime Laboratory, determined that the substance obtained in the second transaction contained cocaine with a weight of 0.56 grams.
¶ 6. On July 19, 2001, Wynn was indicted for two counts of sale of cocaine in violation of Mississippi Code Annotated section 41-29-139 (Rev.2005).[1] Trial was held on April 25, 2006. The evidence against Wynn consisted of the video recording of both transactions and the testimony of Clinton, Lieutenant Davis, Goodman, and Johnson. Wynn did not testify, nor did he offer any other evidence. The record reflects that, at the close of the State's case-in-chief, Wynn was advised of his right to testify, whereafter, Wynn's attorney made the following statement to the court: "Your honor, my client and I have discussed. We will not be presenting any evidence. We will be resting." The jury returned a verdict of guilty on both counts of sale of cocaine. Wynn was then remanded to the custody of the sheriff to await sentencing.
¶ 7. On April 26, 2006, the State moved to amend the indictment to charge Wynn as an habitual offender under Mississippi Code Annotated section 99-19-81 (Rev 2000).[2] On the same day, a hearing was held, at which, the State's motion to amend the indictment was sustained, and Wynn was adjudicated as both an habitual offender within the meaning of Mississippi Code Annotated section 99-19-81 and a prior violator of the Mississippi Uniform Controlled Substances Law pursuant to Mississippi Code Annotated section 41-29-147.[3] Wynn was then sentenced as an habitual offender to sixty years in the Mississippi Department of Corrections on each count, to run consecutively for a total of 120 years, with zero years suspended or reduced, without the possibility of parole or probation. On May 1, 2006, Wynn filed a motion for a new trial or, in the alternative, for a judgment notwithstanding the verdict, which was overruled by the circuit court.

DISCUSSION
1. Ineffective Assistance of Counsel
¶ 8. Wynn argues that he received ineffective assistance of counsel. He raises this issue for the first time on appeal. Specifically, Wynn claims that his attorney *1200 should have requested pretrial discovery, investigated the circumstances and laws surrounding the case, and interviewed potential witnesses. Wynn also suggests that his attorney's performance was ineffective because he received an enhanced sentence.
¶ 9. While this Court may consider the merits of a claim of ineffective assistance of counsel raised for the first time on direct appeal, it is unusual to do so because "[w]e are limited to the trial court record in our review of the claim and there is usually insufficient evidence within the record to evaluate the claim." Wilcher v. State, 863 So.2d 776, 825(171) (Miss.2003) (citing Aguilar v. State, 847 So.2d 871, 878(17) (Miss.Ct.App.2002) (citation omitted)). Our supreme court instructs that, on direct appeal, the entire record should be reviewed. Read v. State, 430 So.2d 832, 841 (Miss.1983). This Court will reach the merits of an ineffective assistance claim only in instances where, "(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge." Wilcher, 863 So.2d at 825(171) (citations omitted). Where the record is insufficient to support a claim of ineffective assistance, "[t]he appropriate conclusion is to deny relief, preserving the defendant's right to argue the same issue through a petition for post-conviction relief." Aguilar, 847 So.2d at 878(17) (citing Read, 430 So.2d at 837).
¶ 10. In the instant case, there is no stipulation made by the parties as to the record. Our review then is focused to determine whether the record affirmatively demonstrates that Wynn was denied the effective assistance of counsel. The relevant inquiry here is whether the representation of Wynn was "so lacking in competence that it becomes apparent or should be apparent that it is the duty of the trial judge to correct it so as to prevent a mockery of justice." Ransom v. State, 919 So.2d 887, 889(9) (Miss.2005) (quoting Parham v. State, 229 So.2d 582, 583 (Miss. 1969)).
¶ 11. To prove a claim of ineffective assistance, a defendant must show (1) that his defense counsel's performance was deficient, and (2) that the deficient performance was prejudicial to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Swington v. State, 742 So.2d 1106, 1114(22) (Miss.1999). "The determination of whether counsel's performance was both deficient and prejudicial must be determined from the `totality of the circumstances.'" Cole v. State, 666 So.2d 767, 775 (Miss. 1995) (citation omitted). The defendant bears the burden of proving both prongs of Strickland and faces a rebuttable presumption "that trial counsel's conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic." Edwards v. State, 615 So.2d 590, 596 (Miss.1993) (citing Leatherwood v. State, 473 So.2d 964, 969 (Miss. 1985)). To rebut this presumption "the defendant must show that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
¶ 12. The record does not affirmatively show ineffectiveness of constitutional dimensions. Despite Wynn's claim to the contrary, the record reveals that a very thorough motion for pre-trial discovery was in fact made. Furthermore, Wynn fails to identify any witnesses who should have been interviewed or whose testimony would have strengthened his defense. Likewise, Wynn identifies no aspect of his attorney's performance that suggests a *1201 failure to investigate the circumstances and law surrounding his case. The record reflects that Wynn's attorney was prepared factually and legally, and cross-examined the State's witnesses thoroughly on all relevant issues. Beyond all this, the sentence Wynn received is in accord with the applicable statutes. Miss.Code Ann. § 99-19-81; Miss.Code Ann. § 41-29-147; Miss.Code Ann. § 41-29-139. Wynn has failed to meet his burden under Strickland.
¶ 13. In accordance with Read, 430 So.2d at 837, we deny relief on this issue without prejudice to Wynn's right to raise it in appropriate post-conviction proceedings.
2. Entrapment
¶ 14. Wynn argues that he was entrapped by the State and that the trial court "erred in overlooking the fact that he was entrapped." This defense was not raised at trial, nor was a jury instruction requested on the defense of entrapment.
¶ 15. Entrapment is an affirmative defense that must be proved by the defendant. Morgan v. State, 703 So.2d 832, 835 (Miss.1997). As an affirmative defense, entrapment must be raised at trial; the failure to do so precludes the defendant from raising the defense on appeal. Lyons v. State, 766 So.2d 38, 40(7) (Miss.Ct.App.2000). Accordingly, we find that Wynn has waived the defense of entrapment due to his failure to raise the defense in the lower court. Nevertheless, we will address the merits of Wynn's claim of entrapment notwithstanding the procedural bar.
¶ 16. Entrapment is defined as "the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him for the offense." Walls v. State, 672 So.2d 1227, 1230 (Miss.1996) (quoting Hopson v. State, 625 So.2d 395, 399-400 (Miss.1993)). To make out a prima facie case of entrapment, the defendant is required to demonstrate (1) government inducement to commit the criminal act(s), and (2) lack of predisposition to commit the criminal act(s) on the part of the defendant. Hopson, 625 So.2d at 400 (citations omitted). "If, however, the crime had already existed in the mind of the defendant and the request or inducement merely acted as an opportunity to commit what was in his mind, entrapment is no defense." Bush v. State, 585 So.2d 1262, 1264 (Miss.1991) (citing King v. State, 530 So.2d 1356, 1359 (Miss.1988)).
¶ 17. We find that Wynn cannot make out a prima facie case of entrapment in the instant case. As to government inducement, nothing in the record reflects excessive government involvement or inducement in Wynn's case. Clinton initiated contact with Officer Davis. The record reveals that Officer Davis simply instructed Clinton to go to Wynn's house and ask for one hundred dollars worth of cocaine. On the day in question, Officer Davis and Clinton drove to the Rock Hill community and presented Wynn with an opportunity to sell crack cocaine. Clinton testified that Wynn readily complied with his request. Additionally, we find no evidence that Wynn lacked the predisposition to commit the criminal act of selling crack cocaine; rather, we find the evidence strongly suggests that Wynn was predisposed to commit the act. Clinton testified that Wynn immediately went into his cabinet and handed him a plastic baggy which contained one hundred dollars worth of crack. There is no evidence that Wynn hesitated at all to comply with Clinton's request. "Ready commission of the crime amply demonstrates the predisposition of the accused." Tran v. State, 785 So.2d 1112, 1119(22) (Miss.App.2001) (citation omitted). *1202 Furthermore, at the time of trial Wynn had two prior convictions for the possession of a controlled substance. In light of the foregoing evidence, we find that Wynn's claim of entrapment must fail.
3. Sufficiency and Weight of the Evidence
¶ 18. Wynn argues that the trial court erred in denying his motion for judgment notwithstanding the verdict (JNOV) or for a new trial. Wynn simply asserts that there was no evidence to support the jury's verdict.
¶ 19. In order to prove that Wynn committed the crime of sale of cocaine, the State was required to prove that Wynn did "`knowingly or intentionally' . . . [s]ell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, distribute or dispense, [cocaine]. . . ." Miss.Code Ann. § 41-29-139(a)(1) (Rev.2005).
Motion for JNOV
¶ 20. A motion for JNOV challenges the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). In Gleeton v. State, 716 So.2d 1083, 1087(14) (Miss.1998), our supreme court set out the standard of review for sufficiency of the evidence as follows:
We must, with respect to each element of the offense, consider all of the evidencenot just the evidence which supports the case for the prosecutionin the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Gleeton, 716 So.2d at 1087(14). In sum, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jones v. State, 904 So.2d 149, 153-54(12) (Miss.2005) (citing Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
¶ 21. Considering the evidence in the light most favorable to the State, we find that there was sufficient evidence to support a conviction of sale of cocaine on both counts. The evidence against Wynn consisted of two eyewitness identifications, two forensic confirmations that the substance sold was cocaine, and a video recording of the two transactions. Officer Davis testified that he could not see Wynn's face in the video of the first transaction, but that in the video of the second transaction, he was able to observe both the clothing and the face of the seller. He positively identified Wynn as the seller in the video of the second transaction and that Wynn was wearing the same clothing as the seller in the first transaction. Clinton also made a positive in-court identification of Wynn as the man from whom he purchased the cocaine on both occasions and testified that Wynn was wearing the same clothing during both purchases. Additionally, the jury was allowed to view the video recordings of both transactions, the second of which clearly depicted Wynn's face.
¶ 22. In light of these facts, we find that sufficient evidence was presented to the jury such that any rational juror could have found that all of the elements of sale of cocaine were established beyond a reasonable *1203 doubt. Therefore, we find that the trial court did not err in denying Wynn's motion for JNOV.
Motion for New Trial
¶ 23. Wynn also argues that the trial court erred in denying his motion for a new trial. A motion for new trial challenges the weight of the evidence. Sheffield v. State, 749 So.2d 123, 127(16) (Miss.1999). Reversal by this Court is proper only when the lower court abused its discretion in failing to grant a new trial. Id. In reviewing a challenge to the weight of the evidence, we sit as a limited thirteenth juror, viewing the evidence in the light most favorable to the verdict. Bush v. State, 895 So.2d 836, 844(18) (Miss.2005). "[W]e will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Id. (citation omitted).
¶ 24. The evidence discussed above demonstrates that Wynn sold cocaine to Clinton in the second transaction, and all but conclusively suggests that he also sold Clinton cocaine in the first transaction. Viewed in the light most favorable to the verdict, we cannot say that the jury's decision is contrary to the weight of the evidence or that to allow it to stand would sanction an unconscionable injustice. We find that the trial court committed no error in overruling Wynn's motion for a new trial.
4. Defective Indictment
¶ 25. Wynn claims that his indictment was fatally defective because "he was indicted for two offenses that never occurred" and "his sentence was enhanced because of prior offenses which he never obtained." It appears that the gravamen of Wynn's argument challenges the amending of his indictment to charge him as an habitual offender. He cites Mississippi Code Annotated section 99-7-9 (Rev. 2000) for the proposition that his indictment could not have been properly amended without re-submission to the grand jury.
¶ 26. Wynn is correct to the extent that an amendment as to the substance of the charge is required to be made by grand jury. Eakes v. State, 665 So.2d 852, 859-60 (Miss.1995). However, an amendment to an indictment to charge one as an habitual offender is not an amendment as to the substance of the crime charged, as it only affects sentencing. Cox v. State, 793 So.2d 591, 597(21) (Miss.2001) (citing Adams v. State, 772 So.2d 1010, 1020(49) (Miss.2000)).
¶ 27. Uniform Rules of Circuit and County Court Rule 7.09 provides:
All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement. (e.g., driving under the influence, Miss.Code Ann. § 63-11-30). Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
URCCC 7.09
¶ 28. On appeal, Wynn offers no evidence to show unfair surprise or that the amendment prejudiced his ability to defend the case. In fact, at the hearing to amend the indictment, Wynn did not contest or dispute the prior charges against him, rather, his attorney acknowledged them by stating "those are in fact his convictions."
*1204 ¶ 29. We note that Wynn's attorney objected to the amendment being made after trial. Although Wynn does not assert this as error in his brief, we point out that our supreme court has held that an indictment may be amended to charge one as an habitual offender after trial but prior to sentencing. Torrey v. State, 891 So.2d 188, 194-95 (35-39) (Miss.2004). For these reasons this argument lacks merit.
5. Denial of Right to Appeal
¶ 30. In his last assignment of error, Wynn appears to argue that he has been denied his right to appeal through no fault of his own.[4] Wynn also cites authority and seemingly contends that he has been denied his right to counsel on appeal. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (Fourteenth Amendment guarantees an indigent defendant the right to counsel on his first appeal as of right). We find both of these arguments devoid of merit.
¶ 31. Wynn was represented by Mark G. Williamson at trial and at the outset of this appeal. Mr. Williamson perfected Wynn's appeal on May 2, 2006 by timely filing a notice of appeal pursuant to Mississippi Rule of Appellate Procedure 3(a). By order of the Circuit Court of Oktibbeha County dated May 10, 2006 and order of this Court dated May 23, 2006, Mr. Williamson was permitted to withdraw, as Wynn hired Richard Burdine to represent him on appeal. Apparently, Mr. Burdine failed to file a brief because he was suspended by the Mississippi Bar subsequent to his undertaking to represent Wynn. On August 4, 2006, Wynn sent a letter to Mr. Burdine stating that he would no longer be needing his services for the reason that he has decided to proceed in this appeal on his own. The record reflects that Wynn filed a motion for in forma pauperis (IFP) which was denied by the trial judge on August 26, 2006. Wynn then filed with the supreme court a request to file a brief in this appeal and proceed pro se. Wynn's request was granted by order of this Court, dated November 14, 2006, and he has so proceeded in this appeal.
¶ 32. Wynn's assertion that he has been denied the right to appeal is misplaced. Wynn's brief has been filed with this Court and the issues raised are presently before this Court for consideration. Likewise, Wynn's contention that he has been denied his right to counsel on appeal is without merit. Wynn is not indigent and thus not entitled to court-appointed counsel; his motion for IFP was denied. Furthermore, Wynn elected to proceed pro se rather than hiring another attorney or reaffirming his declaration of indigency. This issue is without merit.
¶ 33. Wynn filed, along with his appellate brief, a document entitled "Appeal from the Arbitration Committee." The State moves to dismiss this attempted "appeal" and argues that no appeal will lie as no appeal has been perfected, and there is no record of any decision from which to appeal.
¶ 34. The record is not clear as to the facts giving rise to Wynn's grievance. Wynn attached to his appellate brief a request for assistance, filed with the Mississippi Bar, in which he sought help obtaining a reimbursement of the retainer paid to Mr. Burdine. We can only assume that some sort of proceeding, civil in nature, was held in an attempt to resolve the fee dispute, the outcome of which was unsatisfactory to Wynn. As the record does *1205 not contain a final judgment from which an appeal may be taken to this Court, we find that Wynn's attempted "Appeal from the Arbitration Committee" is not properly before this Court for consideration. Miss. Code Ann. § 11-51-3 (Rev.2002) (appeals may be taken to this Court "[f]rom any final judgement of a circuit or chancery court in a civil case. . . . ").
¶ 35. Additionally, we note that the issues raised and the arguments contained in Wynn's "Appeal from the Arbitration Committee," namely, ineffective assistance and right to counsel on direct appeal, are virtually identical to the respective issues raised in his appellate brief, and thus pertain in no way to any dispute resolution proceeding. Having decided the substantive merits of every claim articulated by Wynn in this appeal, we decline to entertain this supplemental filing.
¶ 36. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF COUNTS I AND II, SALE OF A CONTROLLED SUBSTANCE AND SENTENCE OF SIXTY YEARS ON EACH COUNT AS AN HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCES TO RUN CONSECUTIVELY, AND PAYMENT OF A $2,000,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.
NOTES
[1] The indictment also consisted of five additional counts charging Wynn with the following: counts three and four, sale of cocaine to Clinton on or about July 3, 2000; count five, possession of cocaine; count six, firearm possession by a convicted felon; and count seven, receiving stolen property. Following Wynn's convictions on counts one and two, the remaining charges were nolle prossed.
[2] Prior to trial, on August 3, 2005, the State filed a motion to amend the indictment to reflect Wynn's status as a second or subsequent offender of the Mississippi Uniform Controlled Substances Law pursuant to Mississippi Code Annotated section 41-29-147 (Rev.2005). However, no action was taken on the motion until the April 26, 2006 hearing.
[3] Wynn had two prior convictions for possession of a controlled substance.
[4] In his brief, Wynn states the issue as follows: "Whether the appeal counsel erred in failure to appeal direct appeal as of right."