ROBERTS, J.,
for the Court.
¶ 1. John G. Argo IV was convicted of fourteen counts of exploitation of children in violation of Mississippi Code Annotated section 97-5-33(5) (Rev.2006). The DeSo-to County Circuit Court sentenced Argo to fourteen concurrent sentences of fifteen years each in the custody of the Mississippi Department of Corrections followed by five years of post-release supervision. Aggrieved, Argo appeals and raises the following issues: (1) he received ineffective assistance of counsel; (2) the circuit court erred when it failed to grant a circumstantial-evidence instruction; (3) the prosecution engaged in reversible misconduct; and (4) the evidence was insufficient to convict him. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In October 2004, the National Center for Missing and Exploited Children contacted the Mississippi Attorney General’s Office regarding the transmission and receipt of images depicting children engaged in sexually explicit conduct. Keith Leavitt, a special investigator with the Mississippi Cyber Crime Center, subpoenaed America Online (AOL), an internet *851 service provider, regarding such images. As a result, Investigator Leavitt obtained information that led him to Argo.
¶ 3. Investigator Robert Mahaffey, also with the Mississippi Cyber Crime Center, obtained a search warrant for Argo’s home in DeSoto County, Mississippi. In December 2004, Investigator Mahaffey and Chief Investigator Travis Ward executed that search warrant. Argo arrived home during the search. Investigator Mahaffey advised Argo of his rights and interviewed Argo. Argo’s home computer was seized incident to the search.
¶ 4. Sherita Sullivan, a computer forensic examiner with the Attorney General’s Office, conducted a forensic examination of Argo’s home computer. Sullivan found numerous images depicting pornography, but the majority of those images apparently depicted adult pornography. However, fourteen images allegedly depicted child pornography.
¶ 5. In August 2005, a DeSoto County grand jury returned an indictment against Argo. That indictment charged Argo with fourteen violations of section 97-5-33(5). Argo pled “not guilty” to all fourteen counts. On September 18, 2007, Argo went to trial before the circuit court. For brevity’s sake, the events that transpired during Argo’s two-day trial will be discussed in greater detail as necessary in the analysis portion of this opinion. Suffice it to say, Argo was convicted of all fourteen counts of child exploitation. Following unsuccessful post-trial motions, Argo appeals.
ANALYSIS
I. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 6. Under a single heading, Argo raises nine allegations centered on the concept that his retained trial counsel, Steven Farese, Sr., was ineffective. Argo raises his ineffective assistance of counsel claim on direct appeal. This Court has stated that:
When a party raises an ineffective assistance of counsel claim on direct appeal, the proper resolution is to deny relief without prejudice to the defendant’s right to assert the same claim in a post-conviction relief proceeding. We should reach the merits on an ineffective assistance of counsel issue on direct appeal only if (1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge. If we do not consider the issue due to the state of the record, assuming we affirm the conviction, the defendant may raise his ineffective assistance of counsel claim in [a] post-conviction relief proceeding.
Graves v. State, 914 So.2d 788, 798(¶ 35) (Miss.Ct.App.2005).
¶ 7. The parties have not entered any stipulation that the record is adequate to allow this Court to make findings without consideration of a trial judge’s findings of fact, and we cannot conclude that the record, standing alone, affirmatively shows ineffectiveness of constitutional dimensions. Accordingly, we decline to consider this issue on direct appeal. However, Argo is not precluded from raising his claims in a motion for post-conviction relief.
II. DENIAL OF CIRCUMSTANTIAL-EVIDENCE INSTRUCTION
¶ 8. Here, Argo claims the circuit court erred when it declined to instruct the jury pursuant to a proposed jury instruction designated as D-l. Proposed instruction D-l was a circumstantial-evi *852 dence instruction which stated that “[t]he case before you is one of circumstantial evidence. You are free to find John Argo guilty of Exploitation of Children, you must first find him guilty not only beyond a reasonable doubt, but also to the exclusion of every reasonable hypotheses consistent with innocence.”
¶ 9. “[Wjhile a party is entitled to have jury instructions submitted that represent his or her theory of the case, an instruction that ‘incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence’ need not be submitted to the jury.” State v. McMurry, 906 So.2d 43, 46(¶ 12) (Miss.Ct.App.2004) (quoting Agnew v. State, 783 So.2d 699, 702(¶ 6) (Miss.2001)). Additionally, a circumstantial-evidence instruction is only necessary when the prosecution’s case is based entirely on circumstantial evidence. Turner v. State, 910 So.2d 598, 602(¶ 17) (Miss.Ct.App.2005). “Direct evidence has been held to include evidence such as eyewitness testimony, the defendant’s confession to the offense charged, or the defendant’s admission as to an important element thereof.” Id. at 603(¶ 17).
¶ 10. As the State argues, the circuit court correctly refused Argo’s request to have the jury instructed pursuant to proposed instruction D-l. Argo was not entitled to a circumstantial-evidence instruction because there was direct evidence that he possessed child pornography. Images depicting child pornography were found stored in files in Argo’s home computer. Argo personally testified that he created a folder and moved fourteen images depicting child pornography into those folders. Although Argo attempted to explain his possession of the images as inadvertent, the fact remains that there was direct evidence that he had possessed the images at issue. Accordingly, he was not entitled to a circumstantial-evidence instruction, and the circuit court did not err when it refused proposed instruction D-l.
III. PROSECUTORIAL MISCONDUCT
¶ 11. Argo claims that the prosecution engaged in reversible misconduct when it conferred with one of its witnesses, Investigator Ward, during the evening after the first day of trial. However, Argo’s attorney did not raise a contemporaneous objection. Failure to make a contemporaneous objection waives an issue for purposes of appeal. Williams v. State, 684 So.2d 1179, 1203 (Miss.1996). Accordingly, Argo did not properly preserve this issue for appellate review.
IV. SUFFICIENCY OF THE EVIDENCE
¶ 12. Argo claims the evidence against him was legally insufficient to find him guilty. A challenge to the sufficiency of the evidence requires a determination that, as to one or more essential elements of the crime, the State’s evidence is so lacking that a fair-minded juror could only find the defendant not guilty. McClain v. State, 625 So.2d 774, 778 (Miss.1993). In reviewing Argo’s claim, this Court is required to view all of the evidence in the light most favorable to the State. Id.
¶ 13. We find no merit to Argo’s claim under this issue. The evidence, viewed in the light most favorable to the State, shows that: (1) Argo owned the computer; (2) Argo testified that he received the images of child pornography via an email; (3) Argo admitted that he created a folder in his computer and placed the fourteen images at issue in that folder; (4) Argo admitted that he did not report receipt of the images to law enforcement; and (5) Dr. Robert Meacham, a physician, testified that the images depicted children engaged *853 in sexually explicit conduct. Accordingly, we find no merit to this issue.
¶ 14. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT OF CONVICTION OF FOURTEEN COUNTS OF CHILD EXPLOITATION AND SENTENCE OF FIFTEEN YEARS FOR EACH COUNT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCES TO RUN CONCURRENTLY FOLLOWED BY FIVE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.