BARNES, J.,
for the Court:
¶ 1. On November 18, 2008, Nolan Williams, Jr. was convicted by a jury in the Pike County Circuit Court of unlawful possession of at least one-tenth but less than two grams of cocaine with intent to distribute. As Williams had been previously convicted of the same crime in 2004, he received an enhanced sentence under Mississippi Code Annotated section 41-29-147 (Rev.2005) of thirty-five years, with twenty-three years to be served in the custody of the Mississippi Department of Corrections (MDOC), the remaining twelve years suspended, and five years of post-release supervision. He was also fined $5,000. He now appeals, claiming that the verdict is against the overwhelming weight of the evidence. Finding no reversible error, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On August 20, 2007, during an undercover drug investigation, Deska Varna-do, a narcotics agent with the McComb Police Department, purchased crack cocaine from Williams at the Economy Inn in McComb, Mississippi. Agent Varnado and his confidential informant did not know Williams’s name, but the informant stated that he thought it was “Nolan.” As part of his ongoing investigation, Agent Varnado continued to monitor Williams’s activity. On August 24, 2007, Eddie Isaac, Williams’s brother-in-law, picked Williams up at the Economy Inn, and they left in Isaac’s car. Agent Varnado requested police assistance to follow the duo. Officer Lyle Tadlock responded, and upon observing that Isaac was not wearing his seat belt, he initiated a traffic stop. Agent Varnado immediately arrived upon the scene and approached the vehicle. He noted that Williams, who was the passenger, had an open beer can; so the officer asked both men to step out of the vehicle. The men complied, and Officer Tadlock proceeded to perform a pat-down search of Williams, while Agent Varnado attended to Isaac. Agent Varnado then noticed, in plain view, a bag of crack cocaine on the floorboard of the car on the driver’s side. At about the same time, Officer Tadlock discovered a small bag in the waistband of Williams’s pants. The bag contained a small amount of crack cocaine, valued at approximately $20. Additionally, Williams had over $800 in cash on his person; Isaac *377 had approximately $750. Both men were taken into custody. Agent Varnado interviewed Williams, and after signing a waiver of his Miranda rights, Williams admitted that the cocaine was his but that it was not for sale, but rather, for his personal use.
¶ 3. Williams was indicted pursuant to Mississippi Code Annotated section 41-29-139 (Rev.2005) for unlawful possession of at least one-tenth but less than two grams of cocaine with intent to distribute, and a jury trial was held in the Pike County Circuit Court on November 18, 2008. Pri- or to trial, it was discovered that Williams had previously pleaded guilty to the same offense in 2004. Williams filed a motion in limine to prevent the introduction of this prior conviction into evidence. However, the circuit court denied the motion finding that the evidence, while admittedly prejudicial, was admissible under Mississippi Rule of Evidence 404(b) to prove intent. Further, Williams’s original indictment was amended to reflect his previous conviction, which subjected him to an enhanced sentence under section 41-29-147. This section states that:
Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.
Miss. Code Ann. § 41-29-147.
¶ 4. Williams was convicted and, on November 21, 2008, sentenced under the enhancement statute to thirty-five years: twenty-three years to be served in the custody of the MDOC, with the remaining twelve years suspended, and five years of post-release supervision, and ordered to pay a $5,000 fine. On November 26, 2008, Williams filed a motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The circuit court denied the motion in two separate orders: one dated December 4, 2008, and filed on December 9, 2008, and one dated December 31, 2008, and filed on January 12, 2009. Williams also filed his notice of appeal on January 12, 2009, which was more than thirty days after the entry of the first order.
JURISDICTION
¶ 5. Mississippi Rule of Appellate Procedure 4(a) requires a notice of appeal to be “filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.” The record is silent as to why there are two separate, yet identical, orders from the circuit court; and we see no defect in the entry of the first order which would have necessitated entry of the second order by the circuit court. Neither Williams nor the State has addressed the issue of jurisdiction. However, from the timing of the orders, there is no question that Williams’s appeal is untimely, having been filed more than thirty days after the entry of the first order denying his motion for a new trial.
¶ 6. Rule 2(c) of the Mississippi Rules of Appellate Procedure, however, allows this Court to suspend the thirty-day requirement of Rule 4(a) and permit an out-of-time appeal in a criminal case for “good cause shown” and “in the interest of expediting decision.” An out-of-time ap *378 peal may be granted in cases where the prisoner, “through no fault of his own[,3 is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court.” Dorsey v. State, 986 So.2d 1080, 1084 (¶ 12) (Miss.Ct.App.2008) (citation omitted). Williams was represented by counsel, and there is a strong likelihood that any fault for the untimely appeal was not attributable to Williams. Counsel for Williams prepared and signed both orders. Accordingly, dismissal for lack of jurisdiction by this Court would likely result in a subsequent claim by Williams of ineffective assistance of counsel. Thus, “in the interest of expediting decision” pursuant to Rule 2(c) we will suspend the rules and review Williams’s out-of-time appeal on the merits.
WHETHER THE CIRCUIT COURT ERRED IN DENYING WILLIAMS’S MOTION FOR A NEW TRIAL.
¶ 7. Williams argues that his motion for a new trial should not have been denied as the verdict is against the overwhelming weight of the evidence. “A motion for a new trial attacks the weight of the evidenee[.]” Turner v. State, 910 So.2d 598, 602 (¶ 16) (Miss.Ct.App.2005) (citation omitted). In our appellate review, we “accept as true all evidence which supports the verdict and will reverse only if convinced that the [circuit] court abused its discretion in not granting a new trial.” Christian v. State, 998 So.2d 1019, 1023-24 (¶ 11) (Miss.Ct.App.2008) (quoting Saucier v. State, 950 So.2d 262, 265 (¶ 9) (Miss.Ct.App.2007)). Therefore, a new trial should only be granted if “the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice.” Turner, 910 So.2d at 602 (¶ 16) (quoting Wetz v. State, 503 So.2d 803, 812 (Miss.1987)).
¶ 8. Williams admits that he was in possession of the cocaine in question; however, he claims that the cocaine was for his personal use and that the evidence failed to show that he had intent to distribute. Upon our review of the record, however, we find that there was ample evidence to support the verdict. Agent Varnado identified Williams as the person who had sold him crack cocaine four days prior to the incident. Although the agent was unaware of Williams’s name at the time, he was clearly identifiable in the video of the transaction. Testifying on his own behalf, Williams even admitted that he was the person in the video during the drug sale; he just denied selling the drugs to Agent Varnado. He stated:
Q. Isn’t that you that’s on the video that Agent Varnado talked about?
A. That’s me that I seen on that video, but I didn’t see no selling or nothing.
¶ 9. Further, when asked by defense counsel whether Williams was given a drug screen, Agent Varnado explained that, since Williams was on probation from his previous conviction, it was unlikely that he would be using drugs as Williams was subject to routine drug tests. It was additionally noted that, at the time of the arrest, Williams did not possess any paraphernalia associated with smoking crack cocaine and that there was a large, separate amount of cocaine found inside the car.[1] Lastly, Williams possessed a generous amount of cash, although he claimed that the money had been given to him by his parents to repair his home.
*379 ¶ 10. Taking into account all the testimony and evidence, coupled with Williams’s prior conviction of possession of cocaine with intent to distribute, we find that there was substantial evidence to support the verdict. Accordingly, viewing the evidence in a light most favorable to the verdict, we find that the verdict is not against the overwhelming weight of the evidence, and that the circuit court did not abuse its discretion in denying Williams’s motion for a new trial.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AND SENTENCE OF THIRTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWENTY-THREE YEARS TO SERVE, TWELVE YEARS SUSPENDED, AND FIVE YEARS OF POST-RELEASE SUPERVISION, AND TO PAY A FINE OF $5,000, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. IRVING, J., NOT PARTICIPATING.

. This cocaine was attributed to Isaac.