473 So.2d 971 (1985)
Willie V. McQueen
v.
STATE of Mississippi.
No. 54864
Supreme Court of Mississippi.
August 7, 1985.
*972 Peter K. Smith, Quitman, for appellant.
Bill Allain, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Edwin Lloyd Pittman, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and ANDERSON, JJ.
HAWKINS, Justice, for the court:
Willie V. McQueen was convicted in the Circuit Court of Clarke County of burglary of an inhabited dwelling and attempted rape, and as a habitual offender under Miss. Code Ann. § 99-19-83 was sentenced to serve the remainder of his life in prison without parole.
We affirm.
McQueen's attorney assigned and strenuously argued several grounds for reversal. We find only one requires discussion, whether a crime of "violence" is so vague in meaning as to preclude criminal prosecution under the Fourteenth Amendment of the United States Constitution.
McQueen was indicted September 15, 1982, for having burglarized a dwelling on March 20 that year and attempted to rape its female occupant, and also as a habitual offender. He was tried March 31, 1983.
Following his jury conviction for the burglary, the circuit judge conducted a hearing on whether McQueen was a habitual offender under Miss. Code Ann. § 99-19-83.
McQueen was convicted on September 21, 1973, in the Circuit Court of Clarke County for attempted rape, sentenced to serve seven years and actually served three years and four months. On September 21, 1977, he was again sentenced in the Clarke County Circuit Court, following a guilty plea to attempted rape, to serve a term of six years, and he actually served two years and nine months.
Clearly McQueen came under the proscription of Miss. Code Ann. § 99-19-83. The question we address is whether the phrase "crime of violence" is unconstitutionally vague.
In People v. Ruthenberg, 229 Mich. 315, 201 N.W. 358 (1925), the accused challenged the validity of an indictment, and one of the grounds was the uncertainty of the meaning of "violence" in a criminal statute. The Michigan Supreme Court stated, p. 361:
In law the term "violence" means the unlawful exercise of physical force, or intimidation by its exhibition and threat of employment. The meaning of the term is not uncertain... . The statute and information are not void for uncertainty.
In Robinson v. State, 149 S.W. 186 (Tex. 1912), the Court of Criminal Appeals of Texas stated, "violence is a general term and includes all sorts of force."
In Anderson-Berney Bldg. v. Lowry, 143 S.W.2d 401, 403 (Tex.Civ.App. 1940), the court stated:
"Violence" is force, physical force; force unlawfully exercised. Bouvier in his Law Dictionary, 2 Bouvier Law Dictionary, Rawle's 3rd Rev., p. 3402, defines "violence" as: "The abuse of force. That force which is employed against common right, against the laws, and against public liberty."
In the case of Boecker v. Aetna Casualty & Surety Co., 281 S.W.2d 561, 564 (Mo. Ct. App. 1955), the court stated:

*973 "Violence" is a relative term. No particular degree of force is required to constitute violence. Violence is broadly defined in Webster's New International Dictionary, 2nd ed., as "the exertion of any physical force considered with reference to its effect on another than the agent." It is not necessary that the impact be of sufficient force to inflict damage.
In People v. Flummerfelt, 313 P.2d 912, 913, 153 Cal. App.2d 104 (1957), the court stated:
The terms "violence" and "force" are synonymous when used in relation to assault, and include any application of force even though it entails no pain or bodily harm and leaves no mark... . The intent to commit a violent injury on the person of another may be implied from the act; it is a question for the trier of fact.
Both the above definitions were with approval in the case of Falconiero v. Maryland Casualty Co., 157 A.2d 160, 162, 59 N.J. Super. 105 (1960).
See also State v. Riley, 83 Idaho 346, 362 P.2d 1075, 1077 (1961).
In the case of Hunter v. Allen, 286 F. Supp. 830 (D.Ga. 1968), the court addressed the question of whether the word "violence" was a word of sufficient common understanding that its use in a statute was valid to delineate the reach of the statute. The court concluded that it was. In disposing of the contention as to the vagueness of the word "violence" the court stated the following, p. 836:
The authorities are legion in every jurisdiction which give the word sufficient common understanding to sustain hundreds of criminal statutes. Moreover, if particular conduct is disputed as violent, it is a proper matter to raise for determination in a trial in that case.
In the case of People v. Brown, 68 Cal. Rptr. 657, 262 Cal. App.2d 378 (1968), the word "violence" was considered in connection with a criminally lewd act upon a child. The defendant had been having sexual relations with his step-daughter under threat if she did not permit him to do so he would kill her. The question was whether this constituted "violence" under the statute so as to authorize the wife to be a competent witness against the husband. In holding the conduct came within the meaning of the word, the court stated the following, p. 661, 262 Cal. App.2d 378: "In the second place, the word `violence' in this statute includes any use of physical force, and hence applies to any criminally lewd act upon the body of the witness child."
In Landry v. Daley, 280 F. Supp. 938 (1968), the Court stated:
... The words "force" and "violence" are not so obscure as to fail to advise the public of the prohibitive conduct. In common parlance, force means "power, violence, compulsion, or constraint exerted upon or against a person or thing." The word "violence" imparts a similar meaning. It means "the exertion of any physical force so as to injury or abuse." "Force", "violence", "compulsion", "constraint", and "restraint" convey a similar idea of the exertion of power against the will, wish or consent of another. Given a reasonable and natural construction, these terms connote either physical attack upon person or property or physical aggression reasonably capable of inspiring fear or injury or harm to a person or property.
We therefore conclude the statute is not unconstitutionally vague. There may be cases in which the application of this statute will be far from clear. Unfortunately for McQueen, this is not such a case.
McQueen's other assignments of error involve questions heretofore decided by this Court adversely to his contention.
The judgment of the circuit court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.