SOUTHWICK, P.J.,
FOR THE COURT:
¶ 1. Jason Alston appeals the denial of his petition for post-conviction relief. The basis of the petition and this appeal is that the sentence imposed is disproportionately harsh and constitutes cruel and unusual punishment. We disagree with the appellant and affirm.
FACTS
¶ 2. On March 9, 1999, Jason Alston entered a plea of guilty to a charge of burglary of a dwelling under Mississippi Code section 97-17-23. As part of the plea negotiations, the prosecution agreed to recommend a sentence of twenty years’ imprisonment with six years suspended and partial restitution. This recommendation was accepted by the court and Alston was so sentenced.
¶3. In February 2002, Alston filed a petition for post-conviction relief in Attala County Circuit Court, claiming the sentence constituted cruel and unusual punishment in violation of both the federal and state constitutions. The facts he cites as *217 supportive of his claim of undue harshness are these: the home burglarized was unoccupied at the time; only $1,500 worth of valuables were taken; he was only seventeen at the time of the burglary and youthful offender diversionary programs were available as an option to imprisonment; he had no prior felony convictions; and the sentence was far in excess of others imposed for the same crime in Attala and adjacent counties.
¶ 4. The circuit court denied the petition on the ground that Alston failed to meet the threshold requirement of showing the sentence was disproportionately harsh for the crime charged. From this denial, Alston now appeals.
DISCUSSION
¶ 5. Alston claims that his sentence is unduly harsh when compared to the gravity of the crime he committed. To illustrate the excessive nature of his sentence, Alston lists sentences imposed on other defendants in Attala County and surrounding jurisdictions for the same or similar crimes.
¶ 6. The gravity of the crime, comparison with sentences imposed on other defendants for the same crime in the same jurisdiction and comparison with sentences imposed in surrounding jurisdictions constitute the three prongs of the dispropor-tionality test outlined by the United States Supreme Court to determine whether a sentence violated the Eighth Amendment prohibition against cruel and unusual punishment. Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Solem, however, was modified some years later to hold that the Eighth Amendment does not guarantee proportionality. Harmelin v. Michigan, 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Only punishments that are grossly disproportional to the crime will be reviewed under the Solem test. Id. at 1005, 111 S.Ct. 2680.
¶ 7. The Mississippi Supreme Court has interpreted Hcmnelin to mean that the necessary first step in reviewing a claim of excessive punishment is to compare the sentence imposed to the crime charged. Hoops v. State, 681 So.2d 521, 538 (Miss.1996). As a threshold to further inquiry, the petitioner must show that the sentence imposed is “grossly disproportional” to the crime charged. Id. Without such an initial showing, we never advance to the three-prong Solem analysis. Id.
¶ 8. Alston pled guilty to the crime of burglary of a dwelling which carries a maximum penalty of twenty-five years’ imprisonment. Miss.Code Ann. § 99-17-23 (Rev.2000). This crime carries such a heavy potential penalty because of the high potential for injury or loss of life the nature of burglary necessarily includes. The twenty-year sentence with only fourteen actually to serve is within the statutory parameters and is not grossly disproportionate to the crime. The threshold requirement not having been met, the So-lem analysis is inapplicable.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.