914 So.2d 817 (2005)
James HOLLOWAY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01216-COA.
Court of Appeals of Mississippi.
November 15, 2005.
*818 Kurt Guthrie, attorney for appellant.
Office of the Attorney General by Jose Benjamin Simo, attorney for appellee.
EN BANC.
MYERS, P.J., for the Court:
¶ 1. James Holloway was convicted in the Circuit Court of Pearl River County of armed robbery and was sentenced to life in prison as a habitual offender. On appeal Holloway raises two issues: (1) the trial court erred in refusing to grant a judgement notwithstanding the verdict, or alternatively for a new trial and (2) failure to challenge the sufficiency of the proof of past convictions in the habitual offender hearing amounted to ineffective assistance of counsel. Finding no error, we affirm Holloway's conviction and sentence.

STATEMENT OF FACTS
¶ 2. James Holloway was convicted on April 22, 2004, of robbing the Cubby Hole convenience store in Carriere, Mississippi and sentenced to life in prison as a habitual offender. George and Peggy Brooks testified at trial that two individuals, wearing hoods and bandanas, entered their store and robbed them at gunpoint. The robbers then fled the scene in a black car. A patron of the store, Roxanne Chisum, followed the black car, memorized the license plate number and then returned to the store. Following a call by Mrs. Brook, Officer Butch Raby of the Pearl River County Sheriff's Department was dispatched to the Cubby Hole to investigate the robbery and was informed by Ms. Chisum of the direction the black car traveled and the license plate number. Officer Raby went in the direction Ms. Chisum indicated and found the black car with the matching license number given by Ms. Chisum. At the location of the car, Officer Raby found Holloway and questioned him about the robbery and then arrested him.
¶ 3. On the testimony of George and Peggy Brooks, Roxanne Chisum and Officer Butch Raby, Holloway was convicted of armed robbery on April 22, 2004. Following the trial for armed robbery, a bifurcated *819 hearing was held and Holloway was sentenced to life without parole as a habitual offender pursuant to Mississippi Code Annotated Section 99-19-83.
¶ 4. On appeal, Holloway asserts the following two errors by the trial court:
I. THE TRIAL COURT ERRED IN REFUSING TO GRANT A JUDGMENT NOTWITHSTANDING THE VERDICT, OR ALTERNATIVELY FOR A NEW TRIAL.
II. FAILURE TO CHALLENGE THE SUFFICIENCY OF THE PROOF OF PAST CONVICTIONS IN THE HABITUAL OFFENDER HEARING AMOUNTED TO INEFFECTIVE ASSISTANCE OF COUNSEL.

LEGAL ANALYSIS

I. THE TRIAL COURT ERRED IN REFUSING TO GRANT A JUDGMENT NOTWITHSTANDING THE VERDICT, OR ALTERNATIVELY FOR A NEW TRIAL.

STANDARD OF REVIEW
¶ 5. When evaluating a motion for judgment notwithstanding the verdict this court will apply the following standard:
Requests for a directed verdict and motions JNOV implicate the sufficiency of the evidence. [W]e must, with respect to each element of the offense, consider all of the evidence  not just the evidence which supports the case for the prosecution  in the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Ferguson v. State, 856 So.2d 334, 340 -341 (¶ 22) (Miss Ct.App.2003).
¶ 6. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. For this Court to disturb the verdict on appeal, it must be so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Bright v. State, 894 So.2d 590, 592 (¶ 8) (Miss.Ct.App.2004).

DISCUSSION
¶ 7. As his first point of error, Holloway claims that the verdict of the jury is contrary to the overwhelming weight of the evidence. He contends that the testimony of the witnesses did not prove that he committed armed robbery and therefore does not support the jury verdict. Holloway points to several inconsistencies in testimony given by Mr. And Mrs. Brooks, Ms. Chisum and Officer Raby. Additionally, Holloway points to the testimony of Warren Lewis, who was previously convicted in the armed robbery, that Holloway did not have a gun or go into the store, but remained in the car outside.
¶ 8. When reviewing the jury verdict we are mindful that "[t]he jury must be left to resolve matters regarding the weight and credibility of the evidence. Once a case is submitted to the fact finder, any factual disputes are properly resolved by the jury." Stevenson v. State, 733 So.2d 177, *820 186 (¶ 37) (Miss.1998). In viewing the evidence presented in the light most favorable to the verdict, we are not persuaded that reasonable jurors could only have found Holloway not guilty. Finding no error in the denial of a motion for judgment notwithstanding the verdict or, alternatively a new trial, we find no merit to this error.

II. FAILURE TO CHALLENGE THE SUFFICIENCY OF THE PROOF OF PAST CONVICTIONS IN THE HABITUAL OFFENDER HEARING AMOUNTED TO INEFFECTIVE ASSISTANCE OF COUNSEL.

STANDARD OF REVIEW
¶ 9. In order to prove ineffective assistance of counsel, Holloway must prove by a preponderance of the evidence that (1) counsel's performance was defective, and (2) the defect was so prejudicial that it prevented Holloway from receiving a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Moody v. State, 644 So.2d 451, 456 (Miss.1994). The supreme court has held that when evaluating ineffective assistance of counsel claims "the focus of the inquiry is whether counsel's assistance was reasonable considering all the circumstances." Gray v. State, 887 So.2d 158, 164 (¶ 8) (Miss.2004).

DISCUSSION
¶ 10. The second issue Holloway argues is ineffective assistance of counsel for his attorney's failure to object to the sufficiency of the proof of past convictions in the habitual offender hearing. The habitual offender statute provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Miss.Code Ann. § 99-19-83 (Rev.2000). During a bifurcated hearing a defendant's past convictions must be proven beyond a reasonable doubt. Wilson v. State, 395 So.2d 957, 960 (Miss.1981).
¶ 11. Holloway contends that his trial counsel should have objected to the evidence presented by the State as insufficient to prove beyond a reasonable doubt that he had been convicted of oral sexual battery and served a sentence of greater than one year. In his brief, Holloway contends that the certified copy of his conviction in Louisiana and the testimony of his probation officer, Ms. Brenda Varnado Chathman, did not meet the requirement of proving a sentence of longer than one year beyond a reasonable doubt. He argues that the certificate of conviction does not contain any information as to how long he served for the Louisiana conviction. Additionally, Holloway argues that the testimony of Ms. Chathman, in which she stated "I believe James told me it was almost eight or nine years when I did intake on him ...," does not provide the necessary proof of a sentence greater than one year and that her statement is just a guess as to the length of his sentence and was not proof beyond a reasonable doubt.
¶ 12. Holloway argues that the certificate and the statement of Ms. Chathman do not prove beyond a reasonable doubt that the sentence he served in Louisiana *821 was of one year or more, as required by the habitual offender statute, and that his counsel should have objected to the insufficiency of proof. He contends that this defective action by his trial counsel prejudiced the hearing and prevented him from obtaining a fair and impartial hearing.
¶ 13. The State points out that, following the statement by Ms. Chathman offered by Holloway, an exchange occurred where Ms. Chathman testified that Holloway was convicted of oral sexual battery in 1988 in Louisiana and was paroled in 1997, a term of nine years. This is greater than the one year required by the elements of the habitual offender statute.
¶ 14. The certified copy of Holloway's conviction in Louisiana and the testimony provided by Ms. Chathman proved beyond a reasonable doubt that Holloway was convicted of a crime in Louisiana and served a term of greater than one year. The State met its burden of proof. In reviewing the record we find no grounds on which trial counsel could have objected. This error is without merit.

CONCLUSION
¶ 15. Finding no error in the denial of judgment notwithstanding the verdict and no merit to the claim of ineffective assistance of counsel, we affirm.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF LIFE AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., BRIDGES, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.