CARLTON, J.,
specially concurring:
¶ 25. I concur with the majority. I submit that the majority exercised great deliberative effort in fairly applying the law to the facts of this case. See Davis v. State, 680 So.2d 848, 851 (Miss.1996) (acknowledging burglary of a dwelling to constitute a crime of violence under federal sentencing guidelines); Miss.Code Ann. § 99-15-107 (Mississippi Legislature identified burglary as a crime of violence in this statute wherein the Legislature addressed ineligibility for intervention).
¶ 26. In applying legislatively enacted law to the facts of a case before us on appeal, courts are assisted in resolving the application of such legislation by rules of statutory construction. These rules provide that a statute or rule, if possible, is to be construed to give effect to its objective and purpose. The rule of construction in pari materia provides that sections of the law which relate to the same subject, or closely related subject, are to be construed together. See Tunica County v. Hampton Co. Nat’l Sur., LLC, 27 So.3d 1128, 1133 (¶¶ 15-16) (Miss.2009).
¶ 27. The majority opinion properly evaluates the applicable legislation con *1138 struing the relevant statutes in pari mate-ria together and in context. I find particularly significant the language enacted into law in section 99-15-107 as to this issue, and I respectfully submit that the judiciary is not free to disregard this enacted voice of the Legislature. In contrast, the dissent suggests that the judiciary should determine on a case-by-case basis as to whether an offense constitutes a crime of violence instead of embracing the unambiguous language of the Legislature set forth in section 99-15-107, wherein the Legislature recognized that burglary of a dwelling constituted a crime of violence. As Judge Southwick explained in Alston v. State, 841 So.2d 215, 217 (¶8) (Miss.Ct.App.2003), the severe punishment authorized in statute by the Legislature for the crime of burglary of a dwelling reflects the nature of this crime for high risk of injury to persons. Additionally, other relevant statutes recognize the high risk of injury to persons posed by this crime. For example, the Legislature enacted the “castle doctrine,” allowing residents of a dwelling, being burglarized, to defend their family and themselves in that home with deadly force, and the law allows the residents the presumption that the burglar intends to kill them upon commission of the burglary. Miss.Code Ann. § 97-3-15(e) (Rev.2006).[10]
¶ 28. The Legislature spoke and specifically identified burglary of a dwelling as a crime of violence in the intervention eligibility statute, section 99-15-107, referenced previously herein. The Legislature last amended this statute in 2008. The Mississippi Supreme Court provided its opinion in Davis, 680 So.2d at 851, in 1996, wherein the court acknowledged that burglary of a dwelling constituted a crime of violence under the federal guidelines when it addressed the status of aggravated assault as a crime of violence. See also United States v. Fry, 51 F.3d 543 (5th Cir.1995) (quoting U.S.S.G. § 4B1.2(1)). The Legislature allowed the 1996 judicial interpretation set forth in Davis to stand not only without any legislative correction, but with specific language in the statute unambiguously recognizing burglary of a dwelling as a crime of violence. We are not faced with legislative silence in this case. Section 99-15-107, identifying burglary of a dwelling as a crime of violence, was first enacted in 1983 and reenacted in 1987, and last amended in 2008. I agree with the dissent that the judiciary should follow the law as enacted by the Legislature, and in so doing, the judiciary is not free to disregard the legislative determination that the nature of this crime constitutes a crime of violence.[11]
¶ 29. Again, policy rests soundly in the arms of the legislature, and if the punishment imposed falls within that punishment authorized by statute for the offense, we as the judiciary are not at liberty to ignore such authorized punishment.[12] The law requires no case-by-case basis proof of injury to establish burglary of a dwelling as a crimes of violence. However, as stated, in Davis, 680 So.2d at 851, the supreme court recognized that:
Federal sentencing guidelines ... define “crime of violence” as “any offense under federal or state law punishable by imprisonment for a term exceeding one year that — (I) has as an element the use, attempted use, or threatened use of physical force against the person of another ...” and include within that *1139 definition “murder, manslaughter, kid-naping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.”
The Davis court then embraced that federal definition in finding that aggravated assault fell within the purview of a crime of violence. Id.
¶ 30. Past precedents involving other offenses show that neither the judiciary nor the Legislature required an actual injury to occur before a crime is recognized as a crime of violence due to its high risk of injury. In Trigg v. State, 759 So.2d 448, 450 (¶¶ 3-4) (Miss.Ct.App.2000), Kyle Trigg drugged his wife, rendering her unconscious, and made a videotape of himself orally and digitally penetrating her vagina while she was unconscious. This Court explained that “the more serious offense of sexual battery does not include all of the elements of simple assault,” and noted that the element of bodily injury is missing from the statutory definition of sexual battery. Id. at 452 (¶ 9). See also Wallace v. State, 10 So.3d 913, 918 (¶ 12) (Miss.2009) (Supreme court pointed to this Court’s analysis in Trigg, finding that simple assault fails to constitute a lesser-included offense of sexual battery of a minor.). In Holloway v. State, 914 So.2d 817, 820-21 (¶¶ 10-14) (Miss.Ct.App.2005), this Court similarly held that the circuit court properly sentenced James Holloway as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev.2000), which requires that any one of the prior felony convictions shall have been a crime of violence. In Holloway, the defendant possessed a prior conviction for oral sexual battery, a crime that involved no evidentia-ry requirement to show bodily injury as an element of the crime.[13]
¶ 31. Additionally, legislative enactments and judicial precedent clearly allow for the amendment of an indictment to include habitual-offender status for sentencing. In Rayborn v. State, 961 So.2d 70, 72 (¶ 7) (Miss.Ct.App.2007), this Court held that the State could properly amend an indictment two days prior to trial for burglary of a dwelling to charge the defendant, Jerry Rayborn, as a habitual offender. The Rayborn Court found that the amendment did not affect the substance of the crime charged, but only the sentencing; thus, Rayborn’s defense to the burglary of a dwelling charge was unaffected by the amendment. Id. See also URCCC 7.09.
¶ 32. Thus, I specially concur with the majority opinion.
LEE, C.J., BARNES AND ISHEE, JJ., JOIN THIS OPINION.

. These statutes (sections 97-3-15 and 99-15-107) should be construed in pari materia.

. See Miss.Code Ann. §§ 99-15-107; 97-17-23; 97-3-15.

.Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); Alston, 841 So.2d at 217 (¶ 8).

. To prove burglary of a dwelling, section 97-17-23(1) (Supp.2010) requires that the dwelling must be “of another” and the person entering without consent must possess intent to commit a crime therein the burglarized dwelling. See Bogard v. State, 624 So.2d 1313, 1319 (Miss.1993).