ROBERTS, J.,
dissenting:
¶ 33. The majority affirms the decision of the Harrison County Circuit Court based on the majority’s judicial declaration that burglary of a dwelling in Mississippi, be it inhabited or uninhabited, is “per se” a crime of violence as a matter of law under all circumstances. With the utmost respect for the majority, I believe that this is an issue best left to the Legislature. I find myself unable to take such a giant step absent legislative determination or supreme court guidance on the subject. The outcome is the difference between serving five years in prison versus dying there.[14] *1140 I agree with the majority that this is an issue of first impression in Mississippi jurisprudence. In this dissent, I propose a procedure that I believe protects the State’s interest in sentencing a habitual offender to life in prison because he or she has a true history of committing prior “violent” felonies, yet also protects a defendant’s interest in avoiding a life sentence when the State has failed to demonstrate that a defendant has such a history.
¶ 34. The majority relies on this Court’s finding in Koger v. State, 919 So.2d 1058, 1061 (¶ 22) (Miss.Ct.App.2005), for the proposition that Mississippi Code Annotated section 99-19-83 (Rev.2007), which establishes enhanced sentencing for habitual offenders, should be construed in conjunction with Mississippi Code Annotated section 99-15-107 (Rev.2007), which lists felony offenses that disqualify an accused from participation in the pretrial diversion program and includes burglary of a dwelling as a disqualifying violent felony. “Under the doctrine of in pari materia, each section of the Code dealing with the same or similar subject matter must be read together so that the legislative intent can be determined.” James v. State, 731 So.2d 1135, 1138 (¶ 11) (Miss.1999). “In pari materia is to be invoked when the statute is ambiguous or doubtful and not where language of the statute is clear.” Id. Respectfully, I do not agree that section 99-15-107 and section 99-19-83 fall under the doctrine of in pari materia. Section 99-15-107 appears as part of the “pretrial intervention program” discussed in the Pretrial Intervention Act as set forth in Mississippi Code Annotated section 99-15-101 through section 99-15-127. Section 99-15-107 states that certain people are ineligible to participate in a pretrial intervention program. Upon successful completion of a pretrial intervention program, an accused may receive a “noncriminal disposition of the charge or charges pending against the offender.” Miss.Code Ann. § 99-15-123(1) (Supp.2010). “ ‘Noncriminal disposition’ means the dismissal of a criminal charge without prejudice to the [Sjtate to reinstate criminal proceedings on motion of the district attorney.” Miss. Code Ann. § 99-15-103(b) (Rev.2007). On the other hand, section 99-19-83 appears under the chapter title “sentencing of habitual offenders.” Miss.Code Ann. § 99-19-81 to -87 (Rev.2007). Section 99-19-83 involves sentencing of a convicted felony offender who served at least one year for two prior felonies arising from separate incidents — one of which must be classified as a “violent” offense. A statute on a pretrial diversion program that results in an offender having a charge dismissed without prejudice does not pertain to the same subject matter as a statute that addresses the sentencing of violent recidivists. Furthermore, section 99-19-83 is not ambiguous as to whether burglary is a per se violent offense. Section 99-19-83 is simply silent as to whether burglary qualifies as a per se violent offense. Silence does not equate to ambiguity. Because section 99-15-107 does not pertain to the same or similar subject matter as section 99-19-83, and section 99-19-83 is silent rather than ambiguous as to whether burglary is a per se violent offense, the doctrine of in pari materia does not apply.
¶ 35. The majority also finds that the burglary of a dwelling raises a significant possibility of violence, making burglary of a dwelling a per se crime of violence. I believe that a burglary of a dwelling may well involve “violence,” use of force, or the *1141 threat of the use of force toward another. Likewise, I believe it may not. It is a fact-sensitive inquiry incapable, I submit, of easy or convenient classification. Resolution of the conundrum requires a fact-finding process.
¶ 36. I believe an example is the best illustrator of this conflict. Assume that defendants A and B are both charged as section 99-19-83 violent habitual offenders. In both eases, the State relied on prior felony burglary convictions to support the “crime of violence” element of 99-19-83. Defendant A had previously pled guilty to burglary of a dwelling. The underlying facts reveal that, at the time of the crime, A was a nineteen-year-old drug addict. A’s grandmother, who lived alone in her apartment at the time, left home on a two-week vacation, making certain to lock her door because of her concern about her grandson’s propensity for theft. Knowing of his grandmother’s absence, and making certain that no one was in his grandmother’s apartment, A used his secret duplicate key to open the door, went inside, and took some of his grandmother’s jewelry. He later pled guilty to burglary of a dwelling based on these undisputed facts.
¶ 37. Defendant B, however, was convicted by a jury of burglary of a building other than a dwelling in violation of Mississippi Code Annotated section 97-17-33 (Rev.2006). The underlying facts also established B to be a nineteen-year-old drug addict. B had planned to burglarize the local “Stop and Shop” convenience store. He carried a pistol in his pocket “just in case.” Around midnight, he arrived at the store and found the front glass door locked for the night. The cashier was standing behind the cash register counting the day’s receipts. After observing the cashier walking into the restroom, B kicked in the glass door, entered the store, stole the cash box, and made his getaway before the cashier could take any action.
¶ 38. The majority would classify Defendant A as a violent habitual offender and affirm A’s sentence of life without parole. At the same time, the majority would, presumptively, not classify Defendant B as a violent habitual offender because B did not burglarize a dwelling. I detect no logic in such a classification scheme.
¶ 39. The facts at issue in this case are simple and undisputed. Brown was found guilty of felony escape. The maximum punishment for felony escape is five years’ imprisonment. Brown was initially charged as a section 99-19-81 non-violent habitual offender. The State moved to amend the indictment to charge Brown as a section 99-19-83 violent habitual. Resolution of the issue troubled the trial judge since no determination by the Legislature or our supreme court had ever classified burglary of a dwelling as a violent crime. He even granted the parties time to petition the supreme court for interlocutory appeal to resolve the issue. The record provides no resolution of this concern.
¶ 40. Brown was sentenced as a habitual offender under section 99-19-83 to life in the custody of the Mississippi Department of Corrections without eligibility for probation or parole. In finding Brown a habitual offender under section 99-19-83, the trial court relied upon Brown’s previous conviction for two counts of burglary of a dwelling, which the trial court found to be a violent crime under the meaning of section 99-19-83. The only factual evidence in the record shedding light on the nature of Brown’s previous burglaries is a brief statement by Brown that was included in Brown’s “pen-pack” in which Brown stated that he sat in a car while his associate performed the burglary. It appears *1142 that the dwelling was mostly likely an uninhabited one.
¶ 41. The precise issue before this Court is whether burglary of an unoccupied or occupied dwelling is, as a matter of law, a crime of violence under section 99-19-83. As the majority discusses, there is no definition of the term “crime of violence” found in section 99-19-88, and neither this Court nor the Mississippi Supreme Court have addressed this issue. There is no definitive indication from the Legislature that burglary of a dwelling is a crime of violence for habitual-status sentencing purposes.
¶ 42. Section 99-19-83 provides as follows:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
This statute requires that the State prove certain facts beyond a reasonable doubt at a bifurcated hearing. The procedural vehicle utilized is Rule 11.03 of the Uniform Rules of Circuit and County Court. As indicated above, to justify a Iife-without-parole sentencing enhancement, section 99-19-83 requires that the State prove the following beyond a reasonable doubt during the sentencing hearing:
1.Brown had been convicted twice previously of any felonies or federal crimes;
2. The prior crimes were separately brought and arose out of separate incidents at different times;
3. Brown had been sentenced to and actually served one year or more for each of the two previous felonies; and
4. That at least one of the prior felonies was a crime of “violence.”
¶ 43. To meet the last element, the State relied upon Brown’s “pen pack” showing convictions of two counts of burglary of a dwelling. Such documentary proof is the norm in this type of hearing. Brown pled guilty to both counts and was sentenced on May 14, 1996, under Mississippi Code Annotated section 97-17-19 (Repealed 1996), which did not require any form of force or violence against a person as an element of the offense. The repealed burglary-of-a-dwelling statute appeared under Chapter 17 of our criminal code entitled “Crimes Against Property,” not Chapter 3 — “Crimes Against Persons.” Section 97-17-19 stated at the time: “Every person who shall be convicted of breaking and entering any dwelling house, in the day or night, with intent to commit a crime, shall be guilty of burglary, and be imprisoned in the penitentiary not more than ten years.”
¶44. The majority reached its conclusion that Brown’s burglary of a dwelling was a violent crime without any review of the facts of Brown’s previous act. In considering whether Brown’s previous conviction included the use of force or an element of violence, or threat thereof, to another, I submit the underlying facts simply must be considered. The same is true of innumerable other felonies that can be committed both with or without force or violence, or threat thereof, to another, including as examples: abuse of a vulnerable adult in violation of Mississippi Code Annotated section 43-47-19 (Rev. 2009), extortion in violation of Mississippi *1143 Code Annotated section 97-3-82 (Rev. 2006), prohibited sexual activity between a law enforcement or correctional personnel and prisoners in violation of Mississippi Code Annotated section 97-8-104 (Rev. 2006), felony. exploitation of children in violation of Mississippi Code Annotated section 97-5-33 (Rev.2006), attempting to intimidate a witness, juror, judge or attorney in violation of Mississippi Code Annotated section 97-9-55 (Rev.2006), and felony fleeing or eluding a law-enforcement officer in violation of Mississippi Code Annotated section 97-9-72 (Rev.2006), to name a few. Without a determination of the involvement of, threat of, or prospect of violence to another as a factual matter, a conclusion .that a crime is a “crime of violence” is, in my opinion, quite arbitrary.
¶ 45. There is precedent that supports distinguishing violent from non-violent instances of a crime. United States v. Fry, 51 F.3d 543, 546 (5th Cir.1995), cited by the majority, refers to the definition of “crime of violence” in the federal sentencing guidelines:
any offense under federal or state law ... that has as an element the use, attempted use, or threatened use of physical force against the person of another, or is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
I believe federal statutory law on sentencing guidelines is helpful, but it is not controlling. The clear implication is that the federal sentencing guidelines presume that physical force, the threat of physical force, or actions presenting a serious risk of physical injury to another accompany any burglary of a dwelling. But if there is no such use of force or risk of physical injury, then whether or not an act constitutes a crime of violence is open to question. The majority contends that the act of breaking by definition connotes force, which is synonymous with violence. But our supreme court found to the contrary in McLamb v. State, 456 So.2d 743, 746 (Miss.1984) when it declared that felonious “breaking and entering” is not a crime of violence for the purposes of section 99-19-83. The majority notes in its discussion of MeLamb that the supreme court did not consider the underlying facts of the subject offense in reaching its decision. Similarly, the majority does not consider the underlying facts of the subject offense here. The majority also includes a discussion by the Mississippi Supreme Court addressing the definition of the term “crime of violence” taken from McQueen v. State, 473 So.2d 971, 972 (Miss.1985). Each treatment of the term “violence” included by the majority includes the use of force. Furthermore, the McQueen court noted that, in People v. Flummerfelt, 153 Cal.App.2d 104, 313 P.2d 912, 913 (1957), the California District Court of Appeals had held that: “The intent to commit a violent injury on the person of another may be implied from the act; it is a question for the trier of fact.” McQueen, 473 So.2d at 973. The McQueen court also quoted Hunter v. Allen, 286 F.Supp. 830, 836 (D.Ga.1968) (reversed on other grounds by Embry v. Allen, 401 U.S. 989, 91 S.Ct. 1237, 28 L.Ed.2d 528 (1971)), in which the United States District Court for the Northern District of Georgia held that: “if particular conduct is disputed as violent, it is a proper matter to raise for determination in a trial in that case.” McQueen, 473 So.2d at 973. There has been no showing in the record of any force or violence exercised by Brown in the course of his previous burglary of a dwelling. As noted above, the only evidence in the record addressing the underlying facts of that crime indicates that he did not engage in any use of force.
*1144 ¶ 46. While determining whether Brown’s previous burglary of a dwelling is a violent crime is an issue that should be properly determined by a trier of fact, it is settled law that a defendant is not entitled to a trial-by-jury on the question of whether he is a habitual offender. Keyes v. State, 549 So.2d 949, 951 (Miss.1989). Such is consistent with Rule 11.03(3) which declares: “If the defendant is convicted or enters a plea of guilty on the principal charge, a hearing before the court without a jury will then be conducted on the previous convictions.” (Emphasis added). URCCC Rule 11.03(3). However, after Keyes was decided and after the adoption of the Uniform Rules of Circuit and County Court on May 1, 1995, the United States Supreme Court in discussing the parameters of the 6th Amendment’s right to trial-by-jury held that “other than the fact of a prior conviction, any fact increasing the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury.” Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Charles C. Ap-prendi Jr. pled guilty, but his sentence was enhanced beyond the maximum possible punishment for the offense that he pled to by a fact-finding trial judge in a bifurcated proceeding, in which a trial judge found that Apprendi’s crime was motivated by racial hatred. Id. at 470-471, 120 S.Ct. 2348. Similar to the racial motivation of Apprendi’s act, the factual nature of Brown’s particular burglary of a dwelling as violent or non-violent is a separate question from the fact of whether or not Brown has previous felony convictions. Brown confessed that he had two prior felony convictions. The 6th Amendment trial-by-jury issue addressed in Apprendi is not, however, ripe in Brown’s case. Therefore, I see no need to address it today. Such questions are best left for future resolution in a controversy directly speaking to those issues.
¶ 47. I cannot find sufficient statutory guidance or legal precedent in this case to empower this Court to hold that burglary of a dwelling is per se a crime of violence. Further, I cannot support the majority’s finding that the reference to burglary of a dwelling as a crime of violence in section 99-15-107 is sufficient to authorize this Court to find that Brown’s previous crime was a crime of violence with no evidence of such in the record. I certainly recognize and accept that our supreme court has declared certain felonies to categorically be crimes of violence for the purposes of section 99-19-83, including: Magee v. State, 542 So.2d 228, 235 (Miss.1989) (holding that robbery is a crime of violence); Ashley v. State, 538 So.2d 1181, 1184-85 (Miss.1989) (holding that attempted robbery is a crime of violence); Hughes v. State, 892 So.2d 203, 211 (¶ 19) (Miss.2004) (holding that rape, other than statutory rape, i.e., nonforcible, nonviolent sex, is a crime of violence); King v. State, 527 So.2d 641, 646 (Miss.1988) (holding that armed robbery is a crime of violence). The statutory definitions and essential elements of those crimes necessarily include force, violence, or the threat thereof to another person. Where a crime can be committed both with or without the involvement of violence, absent definitive guidance from the Legislature, a trier of fact should determine whether or not a previous conviction involved violence in a separate hearing following conviction.
¶ 48. With utmost respect for the author of the specially concurring opinion, the appeal in Holloway v. State, 914 So.2d 817 (Miss.Ct.App.2005) did not address the issue of whether oral sexual battery sufficiently qualified as a violent offense. James Holloway had been convicted of armed robbery and sentenced to life in *1145 prison as a habitual offender pursuant to section 99-19-83. Id. at 818-19 (¶ 3). On appeal, Holloway argued that his counsel was ineffective because he did not object to the sufficiency of the proof of past convictions in the habitual-offender hearing. Id. at 820 (¶ 10). According to Holloway, “his trial counsel should have objected to the evidence presented by the State as insufficient to prove beyond a reasonable doubt that he had been convicted of oral sexual battery and served a sentence of greater than one year.” Id. at (¶ 11) (emphasis added). This Court held that a “certified copy of Holloway’s conviction in Louisiana and the testimony provided by [his probation officer] proved beyond a reasonable doubt that Holloway was convicted of a crime in Louisiana and served a term of greater than one year.” Id. at 821 (¶ 14). Whether his underlying offense qualified as a “crime of violence” was never at issue in Holloway.
¶ 49. What I propose is not an “Earth shattering” new requirement. A bifurcated sentencing hearing is already required whenever the State seeks to have a convicted felon sentenced as a habitual offender under 99-19-81 or 99-19-83. Often, the State presents sworn testimony from witnesses as well' as documentary evidence to prove the four requirements of 99-19-83 life sentencing. When a prior felony has not been declared by the supreme court to be per se violent and no definitive legislative determination exists, I would simply require that evidence of the use, attempted use, or threatened use of force against the person of another be presented by the State. By way of example, if the State could prove a defendant’s prior conviction for burglary of a building other than a dwelling involved the attempted, threatened, or actual use of force against another person, then it may proceed under section 99-19-83.
¶ 50. As to Brown, because a new sentencing hearing on the same merits speaking to section 99-19-83 would give the State a “second bite at the apple” at a life sentence and would constitute double jeopardy, I would reverse and remand this case for the .trial court to give Brown a five-year sentence without hope of probation or parole in accordance with section 99-19-81. See Ellis v. State, 520 So.2d 495, 495 (Miss.1988). In future habitual-offender sentencing proceedings that may include prior felonies with an element of violence, but are not per se crimes of violence, I would require a post-conviction factual determination by a fact-finder as to whether a defendant’s previous crime constitutes a crime of violence, providing the State and the defense with an opportunity to present evidence on the issue before the trier of fact. Then, and only then, can we truly say that a defendant is a prior violent habitual offender and justify his placement in prison for the remainder of his or her life. Because the majority affirms Brown’s sentence, I respectfully dissent.
GRIFFIS, P.J., JOINS THIS OPINION.

. I acknowledge that our decision may have little or no effect on Brown himself. Brown *1140 has been sentenced to life without parole in the custody of the Mississippi Department of Corrections for a capital murder committed in the Second Judicial District of Harrison County, Mississippi which is unrelated to his present appeal.