CARLTON, J.,
specially concurring:
¶ 13. I specially concur. I agree with the majority’s opinion that the circuit court did not err in determining that Carlos Taylor’s prior conviction for statutory rape constitutes a crime of violence sufficient to sentence him to life without eligibility for parole or probation as a habitual offender. I submit that a review of current statutes and case law logically support this finding.
¶ 14. On appeal, Taylor argues that statutory rape is not necessarily a crime of violence. I note, however, that the law views statutory rape as a non-consensual sexual act against a child under the age of sixteen. Miss. Code Ann. § 97-3-65(1)-(2)(5) (Supp.2011). Statutory rape is non-consensual because a child under the age of sixteen lacks the legal capacity to consent to the physical sexual act that violates his or her body.[1]
¶ 15. Moreover, Mississippi Code Annotated section 45-33-47(d) (Rev.2011) articulates that the following sex crimes that are subject to lifetime registration:
(d)Tier Three requires lifetime registration, the registrant not being eligible to be relieved of the duty to register except as otherwise provided in this paragraph, and includes any of the following listed sex offenses:
(i) Section 97-3-65 relating to rape;
(ii) Section 97-3-71 relating to rape and assault with intent to ravish;
(iii) Section 97-3-95 relating to sexual battery;
(iv) Subsection (1) or (2) of Section 97-5-33 relating to the exploitation of children;
(v) Section 97-5-41 relating to the carnal knowledge of a stepchild, adopted child or child of a cohabiting partner;
(vi) Section 97-3-53 relating to kidnapping if the victim is under the age of eighteen (18);
(vii) Section 97-3-54.1(l)(c) relating to procuring sexual servitude of a minor;
[[Image here]]
(xiv) Any conviction for violation of a similar law of another jurisdiction or designation as a sexual predator in another jurisdiction;
[[Image here]]
(e) An offender who has two (2) separate convictions for any of the offenses described in Section 45-33-23 is subject to lifetime registration and shall not be eligible to petition to be relieved of the duty to register as long as at least one (1) of the convictions was entered on or after July 1,1995.
(f) An offender, twenty-one (21) years of age or older, who is convicted of any sex offense where the victim was fourteen (14) years of age or younger shall be subject to lifetime registration and shall not be relieved of the duty to register.
See also Miss.Code. Ann. § 47-5-401(2) (Rev.2011) (sex offenders ineligible to participate in work programs since the statute prohibits participation by any one “convicted of any crime of violence, including but not limited to murder, aggravated assault, rape, robbery!,] or armed robbery.”). The statutory registration requirement set forth above provides support for the conclusion that Legislature views statutory rape as a crime of violence. The lifetime-registration requirement provides a direct mandate by the *746 Legislature for the exercise of police power and control over offenders convicted of statutory rape to protect society from these offenders by directing registration and authorizing enforcement of registration requirements by law enforcement. Indeed, this directive for lifetime registration for statutory rape offenders gives legal recognition to the Legislature’s view of this crime as violent and the Legislature’s view for the need for the protection of minors by the exercise of police authority to track these offenders for life.
¶ 16. As the majority acknowledges, the Mississippi Supreme Court has held that in cases involving a question of whether the sexual assault, or attempted sexual assault, of a child constituted a crime of violence, “a separate standard of determining violence applies when the victim is a child.” Bandy v. State, 495 So.2d 486, 492 (Miss.1986) (superseded by rule on other grounds). Insightfully, the United States Fifth Circuit Court of Appeals has held that an act of sexual abuse could be violent if the offense inflicted psychological harm on the victim, even if the act involved no physical contact. United States v. Izaguirre-Flores, 405 F.3d 270, 274-75 (5th Cir.2005). Additionally, in United States v. Ramos-Sanchez, 483 F.3d 400, 403 (5th Cir.2007), the Fifth Circuit held that soliciting or enticing a minor to perform an illegal sexual act constitutes an act of violence “because of the psychological harm it can cause, even if [the] resulting sex is consensual.” The Fifth Circuit explained that “minors, because of their Experience, are vulnerable to exploitation and coercion in their sexual interactions.” Id. (citing Michelle Oberman, Regulating Consensual Sex with Minors: Defining a Role for Statutory Rape, 48 BUFF. L. Rev. 703, 704 (2000)).
¶ 17. The law considers an assault to constitute a non-consensual touching, and the law finds harm occurring in assaults even where the forced used is slight. Miss.Code Ann. § 97-3-7 (Supp.2011). See also Griffith v. City of Bay St. Louis, 797 So.2d 1037, 1042 (¶ 21) (Miss.Ct.App. 2001). However, no requirement exists for evidence of any physical injury for a crime to constitute a crime of violence. King v. State, 527 So.2d 641, 646 (Miss.1988). Statutory rape consists of non-consensual battery or touching by sexual penetration through intercourse with a minor or either through lacerating or tearing the child’s genitals, anus[,] or perineum in the attempt to engage in sexual intercourse. Miss.Code Ann. § 97-3-65(6). Section 97-3-65(5) provides that in cases where the child is under the age of sixteen, no evidence of penetration is necessary where proof shows that “the genitals, anus[,] or perineum of the child have been lacerated or torn in the attempt to have sexual intercourse with the child.” Statutory rape clearly constitutes a crime against the person of a minor without legal consent and without requiring evidence of a battery. Moreover, the Legislature considers this crime against the person of a minor so severe that lifetime registration is warranted, and failure to comply with registration may result in criminal prosecution. Therefore, unless the Legislature speaks otherwise, statutory rape under current Mississippi law constitutes a crime of violence. As a result, I respectfully submit that Taylor’s reference to Hughes v. State, 892 So.2d 203 (Miss.2004), wherein the opinion provides in dicta that instances of consensual, nonviolent sex with a minor may occur should not be construed to mean that statutory rape should not be considered a crime of violence.
¶ 18. Other sex offenses against minors in Mississippi are considered crimes of violence even where bodily injuiy does not constitute an element of the crime or does not result from the crime. In Holloway v. *747 State, 914 So.2d 817, 820-21 (¶¶ 10-14) (Miss.Ct.App.2005), this Court held that the circuit court properly sentenced James Holloway as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev.2000), which requires that any one of the prior felony convictions shall have been a crime of violence. In Holloway, the defendant possessed a prior conviction for oral sexual battery, a crime that involved no evidentiary requirement to show bodily injury as an element- of the. crime.
¶ 19. Similarly, in Trigg v. State, 759 So.2d 448, 450 (¶¶ 3-4) (Miss.Ct.App.2000), Kyle Trigg drugged his wife, rendering her unconscious, and made a videotape- of himself orally and digitally penetrating her vagina while she was unconscious. This Court explained that “the more serious offense of sexual battery does not include all of the elements of simple assault” and noted that the element of bodily injury is missing from the statutory definition of sexual battery. Id. at 452 (¶ 9). See also Wallace v. State, 10 So.3d 913, 918 (¶ 12) (Miss.2009) (Supreme court pointed to this Court’s analysis in Trigg, finding that simple assault fails to constitute a lesser-included offense of sexual battery of a minor). Construing precedent and the statutes together, I submit that statutory rape encompasses a physical intrusion of a minor’s body without their, consent, and such action constitutes a sexual violation of the minor. I therefore submit that statutory rape constitutes a crime of violence.
¶ 20. Accordingly, I concur with the majority. I submit that the crime of statutory rape encompasses a violation of the body of a minor and, therefore, clearly constitutes a crime against the person of a minor without legal consent since a minor lacks the legal capacity to consent to a sexual act. Statutory requirements for lifetime registration for those convicted of this offense, coupled with sentencing restrictions such as a requirement to serve day-for-day time with no early release, reflect the Legislature’s view that statutory rape constitutes a crime of violence.
BARNES, J., JOINS THIS OPINION. RUSSELL, J., JOINS THIS OPINION IN PART.

. Statute provides that neither the victim's consent nor the victim’s lack of chastity constitutes a defense to a charge of statutory rape as defined by the statute.